GRAY, Respondent, v. ROGERS *et al.*, Appellants.

1. If a landlord sells the leased premises to another, the defendant is not thereby discharged of his obligation to pay rent to the vendor, unless the vendee give him notice that he claims the rent.

*Appeal from St. Louis Land Court.*

This was an action to recover the rent of certain premises, a portion of a tract of one by forty arpens known as the Lirette arpent. The plaintiff, as assignee of Norman Cutter, claimed rent of said premises from September 10, 1855, to September 10, 1857, during which time, it is alleged, the defendants held said premises as tenants of said Norman Cutter at a yearly rent of two hundred and twenty dollars. The defendants denied their tenancy under said Cutter during said period, and alleged that prior to said September 10, 1855, said Cutter conveyed all his interest in said land to Daniel D. Page and Henry D. Bacon. Evidence was adduced to show that the defendants held possession of said premises as tenant under Norman Cutter, by virtue of a verbal renewal of a former lease executed by said Cutter. The defendants introduced evidence to show that in 1852 and 1854 said Cutter executed two several deeds, duly recorded, conveying his interest in said premises to said Page and Bacon. These deeds were absolute in form, and Cutter testified that the second deed was intended as a mortgage only; that he had an arrangement with said Page and Bacon to the effect that he should collect the rents. It appeared also in evi-

dence that defendants paid rent to plaintiff up to March 10, 1856.

The court refused the following instructions asked by defendants: "1. If the jury find from the evidence that Norman Cutter, the assignor of plaintiff, conveyed all his interest in the premises described in the petition to H. D. Bacon and D. D. Page by deeds duly recorded prior to the 10th of September, 1855, they will find for the defendants, unless they find there is a valid agreement in writing signed by the parties to be charged therewith, that said interest shall be reconveyed to said Cutter. 2. The jury are instructed that the deeds and bond, copies of which have been read in evidence, passed all the title of Norman Cutter to the lands therein described to H. D. Bacon and D. D. Page, subject to the bond read in evidence; and any verbal agreement between the parties can not serve to revest the title in said Cutter so far as third persons are concerned, unless they have full notice of the same. 3. The jury are instructed that the conveyances from Cutter to Page and Bacon are absolute on their face, and operate as an assignment of any lease of said premises executed prior thereto, and that plaintiff can not recover in this action rents which accrued subsequent to such assignment. 4. The jury are instructed that the conveyances from Cutter to Page and Bacon are absolute on their face, and that in this action they can not be proved to be otherwise by parol evidence."

At the defendants' instance the court gave the following instruction: "5. If the jury find that N. Cutter, the assignor of plaintiff, sold a portion of his interest in the land described in the petition prior to the 10th of September, 1855, they will find for the plaintiff only such portion of the rent claimed by him as he retained interest in the land; if he retained fifteen twenty-fourths, they will find a verdict for fifteen twenty-fourths of the rent claimed, after deducting six months' rent ending March 10, 1856, proved to have been paid."

The jury found for plaintiff and assessed his damages at two hundred and ten dollars and thirty-seven cents.

*Wickham & Snead,* for appellants.

I. The deeds to Page and Bacon are absolute on their face. They passed all of Cutter's title, and with it the right to collect rent. (6 Wend. 671; 22 Wend. 121; Taylor, L. & T. 426, § 629.) It is not competent at law to show that a deed absolute on its face is in fact a mortgage in a collateral proceeding. (10 Mo. 484; 6 Hill, 219; 9 Louis. 563; 12 Mass. 375; 15 Mass. 210.) The evidence must be in writing. (1 Johns. Ch. 429.) Defendants had no notice of the fact that the deed was a mortgage. A judgment in favor of plaintiff in this action would be no bar to a suit by Page and Bacon for the rent.

*Gray,* for respondent.

I. The defendants held the premises as tenants of Cutter during all the time that the rent sued for accrued. Defendants did not disclaim holding under Cutter, nor attorn to Page and Bacon; nor did Page and Bacon ever claim any rent, but authorized Cutter to collect rents. Defendants could not be permitted to disown or deny Cutter's right. The deed of Cutter was a mortgage. After date of last deed defendants paid rent to Cutter. (See 5 Pick. 124; 17 Mo. 58; 9 Wend. 227; 21 Wend. 36; 1 Hill, 606; 2 Phill. on Ev. p. 644; 14 Wend. 63; 4 Man. & Ry. 193; 9 B. & Cr. 245; R. C. 1855, p. 1013.)

SCOTT, Judge, delivered the opinion of the court.

The controversy seems to be abandoned as to half the rent claimed, as the plaintiff has not appealed from the judgment of the court below. The defendants were tenants under Cutter—who has assigned his claim to the rent to the plaintiff—when the deed was made by Cutter in 1854 to Page and Bacon. It is singular the defendants should be making a de-

fence for the benefit of Page and Bacon, when they have not been required to do so. Page and Bacon have never required rent of them. The recording of the deed made by Cutter to Page and Bacon does not affect the defendants, as they were tenants under Cutter before the deed was executed. That is not a matter of which they were required to take notice. If Page and Bacon claim the rent, they should give notice to the defendants to pay it to them. The defendants, from the case as presented, would avoid the payment of rent to anybody. Cutter explains why Page and Bacon have never demanded the rent. They authorized Cutter to receive the rents and profits, and the defendants promised to pay him the rent, thereby recognizing him as their landlord, both before and after the deed to Page and Bacon. We do not see how the defendants are in any danger, as they have never had notice from Page and Bacon, nor been required to pay them rent. They do not, in their defence, state the fact that the rent has ever been claimed from them by Page and Bacon, although their right to it, if they had any, had existed for years. So far from any thing of the kind, they assert that the assignment of the rent by Cutter to the plaintiff was made with an intent to defraud the creditors of Cutter, thereby impliedly admitting that he was entitled to the rent. If the assignment was fraudulent, it was no concern of the defendants. They were never required to attorn to Page and Bacon, and until that is done or notice given, how can they be held liable to them for rent? This is not the case of one taking a lease from a vendor after he has conveyed away the premises by a recorded deed.

None of the instructions asked by the defendants assumed the existence of the fact, that they had been notified to pay rent to Page and Bacon, or that Page and Bacon had required an attornment to them. Judging from the record, the defendants stand now as they did when they entered under Cutter. This is not a controversy between Cutter or his assignee on one side, and Page and Bacon on the other. Page and Bacon have done nothing showing that they claimed

the rent in controversy, and the defence of their rights by the defendants is entirely gratuitous.

Judgment affirmed; the other judges concurring.