JACOB L. GREEN, Defendant in Error, v. B. L. STERNBERG
ET AL., Plaintiffs in Error.

January 15, 1884.

1. LANDLORD AND TENANT — VENDOR AND VENDEE — JUDGMENTS. — If a
tenant of a former owner refuse to attorn to the purchaser of the prem-
ises by paying the rent demanded in an action before a justice, the judg-
ment will be for possession only.

2. —— ACTION ON APPEAL BOND. — If the judgment is for the plaintiff in
the circuit court on appeal, he may recover, in an action on the defend-
ant's appeal bond, the rent due at the time of, or accruing subsequent to,
the appeal.

3. —— If there be a further appeal by the defendant, and the judgment is
affirmed, the loss of rent pending that appeal is a part of the damages
recoverable in an action on that appeal bond.

4. —— A sale of the leased premises by the plaintiff pending an appeal does
not release the defendant from his obligation to pay rent, unless the ven-
dee has claimed the rent which has accrued since the sale.

APPEAL from the St. Louis Circuit Court, BARCLAY, J.
*Affirmed.*

AUG. REBENACK, for the plaintiffs in error.

OVERALL & JUDSON, for the defendant in error.

BAKEWELL, J., delivered the opinion of the court

Green having purchased a house and lot in St. Louis oc-
cupied at the time of his purchase by Sternberg as tenant,
began proceedings under the special provisions of the land-
lord's and tenant's act (Rev. Stats., sects. 3103–3105) to
recover possession. From the judgment for possession
before the justice of the peace, Sternberg appealed to the
circuit court. On trial anew in the circuit court, there was
judgment for possession, from which Sternberg appealed to
this court, where the judgment was affirmed. *Green* v.
*Sternberg*, 12 Mo. App. 578

The present action is upon the two appeal bonds executed
by Sternberg as principal and his co-defendants as sureties.
The petition has two counts, one upon the appeal bond

executed in the justice's court, conditioned, as the statute requires (Rev. Stats., 3106), to pay " all damages, costs and rent, then due and to accrue;" the other count is upon the bond given in the circuit court, conditioned, as is the form for *supersedeas* bonds, to perform such judgment as shall be given by the St. Louis court of appeals, or such judgment as the St. Louis court of appeals may direct the circuit court to give; and if the judgment shall be finally affirmed, to comply with and perform the same so far as it may be affirmed, and pay all damages and costs which may be awarded against him by the St. Louis court of appeals.

The answer was a general denial.

The record of the suit for possession offered in evidence showed that the judgment was for possession and that plaintiff recover of defendant and his sureties on the appeal bond his costs and charges. The record of this court shows that this judgment was affirmed.

It further appeared from the evidence that Sternberg remained in possession of the premises leased from plaintiff's grantor, from the time plaintiff acquired title and demanded possession, which was the 17th of November, 1880, until the 5th of June, 1882, paying no rent to plaintiff or any one else; that $16 a month was the rent that Sternberg had paid to Green's grantor, the rate demanded by Green on beginning his action for possession under the landlord's and tenant's act, and the reasonable value of the premises.

Defendant offered in evidence an exemplified copy of the record of a deed from plaintiff to the Connecticut Mutual Life Insurance Company conveying the premises in question. It appears that the company never demanded rent of Sternberg, and that Sternberg never paid rent to, or attorned to, the company.

The action for possession was begun on the 14th of January, 1881. The petition in this case was filed on the 31st of July, 1882.

No declarations of law were asked or given. The cause was tried without a jury. The court found for plaintiff, and assessed the damages on the first count at $200 and on the second count at $98.

Where proceedings under the landlord's and tenant's act are begun by a purchaser of the property against a tenant of the former owner, the tenant may attorn to the purchaser by paying the rent demanded before the justice. But, if he decline to do so, the judgment is not for rent, but for possession.

So, on the trial anew in the circuit court, the judgment, if for plaintiff, is for possession. Nothing is said in the statute about rendering a judgment for rent in such a case, either before the justice, or in the circuit court on appeal. But the statute does expressly provide that, where the judgment of the justice is for possession, " no appeal shall be allowed the defendant unless he give bond with security sufficient to secure the payment of all damages, costs, and rent then due or to accrue. We see no reason why plaintiff should not recover in an action upon the bond for a breach of this condition. It is decided in *Cockrill* v. *Owen* (10 Mo. 287), that in the case of an ordinary recognizance of appeal before a justice where judgment might be entered on the recognizance on the trial in the circuit court, this is not the sole remedy, but there may be a common-law action of debt upon the recognizance.

It is contended that the matter has become *res judicata* by the judgment against defendant and his sureties in the circuit court. As we have already said, that action was an action for possession alone. It was not an action for rent. The question of the amount of rent due was not litigated at all in that proceeding, except so far as it became necessary to show what rent was due at the time of the demand, in order to show that plaintiff had complied with the condition provided by the statute as a necessary precedent to a recovery of possession. The judgment for costs in the circuit

court against the sureties might have been pleaded in this action to reduce the damages, but that was not done. Nor, in view of the second bond, would it have changed the result. There has never been any judgment, before the present action, for the penalty of either of the bonds sued on.

The appeal bond in the circuit court was to secure plaintiff against any damage by reason of the appeal. The loss of rent of the premises out of possession of which plaintiff was kept by the appeal, was a part of the damages caused by the appeal. The defendant, on taking the appeal from the justice, bound himself to pay all the rents that might accrue. Unless he had done so, he would not have been allowed an appeal. It is true that the language of the appeal bond given in the circuit court is that the appellant shall pay "all damages and costs that may be awarded against him by the St. Louis court of appeals," and that this court made and could make no award of rent as damages. But this court, by affirming the judgment of the circuit court, necessarily awarded to plaintiff whatever he was entitled to recover by virtue of the judgment for possession which was affirmed, and this judgment of possession entitled plaintiff to such rents as had accrued and remained unpaid from the date of the proceedings before the justice.

The deed of Green to the insurance company was introduced by defendant to show that plaintiff had parted with the leased premises, pending the appeal. But, if that were shown, defendant is not thereby released from any obligation he has assumed to pay rent to the vendor, unless the vendee has given him notice that he claims the rent ( *Gray* v. *Rogers*, 30 Mo. 258), and that is not pretended in the present case.

The only witness examined was Thatcher, on behalf of the plaintiff. A general objection was made to all the testimony of this witness. As no ground of objection was specified in the trial court, there is nothing in this that we can notice.

The judgment is affirmed. All the judges concur.