JAMES SHIELDS, Respondent, v. MARY F. STILLMAN AND ADA CLIFFORD, Appellants.

1. *Contracts — Bills and notes — Husband and wife — Survivorship.* —Where certain promissory notes, given for rent of land which was the separate estate of a married woman, were made payable to the order of her husband and herself, they were not payable, therefore, to the husband alone, nor were the rents payable to him on the strength of such notes, as his wife's appointee. But these notes were neither real estate nor personal chattels in possession, but choses in action, and the joint payee took them by survivorship.

2. *Landlord and tenant — Judgment for rent in a suit for possession under the landlord and tenant act, proper even when it is not asked for.* —Where a plaintiff complies with the statute (Wagn. Stat. 882, § 33) and files the statement therein required, and dispenses with any form of prayer, he is entitled not only to a judgment for possession, but for rent also, and it is the duty of the justice to render such judgment.

3. *Practice, civil — Justices' courts —Appeals — Judgment in the appellate court for an amount exceeding the justice's jurisdiction, improper.*— On an appeal from the judgment of a justice of the peace, a judgment in the appellate court for an amount which, exclusive of interest, exceeds the jurisdiction of a justice's court, is not warranted. The judgment must be limited to an amount within the jurisdiction of the justice.

*Appeal from St. Louis Circuit Court.*

*Ewing & Holliday*, and *Pattison*, for appellants.

I. The plaintiff did not leave the right of possession to the premises in controversy at the time of bringing this suit for possession. The only interest the plaintiff ever had in the premises in controversy was in the right of his wife. A valid lease of the wife's real estate, for any definite time, must necessarily have been made by both husband and wife. The joining of the husband and wife was essential to the full enjoyment by the husband of his marital interest in the property. This act of the wife, in giving him the full enjoyment of his estate in the property, did not thereby enlarge his estate and extend it beyond her death, to the end of the term. No such estate is known to the law. (Hill v. Sanders, 2 Bing. 112.)

II. This suit was for possession alone, and not for rent. In proceedings under a landlord's summons, prior to the taking effect of the General Statutes of 1865, no judgment could be rendered, in this State for rent. It was necessary for the plaintiff, however, even under the law of 1855, to state in his affidavit for the summons the exact amount of rent due, although he could only recover judgment for possession. (Vaughn v. Locke, 27 Mo. 290.) The section of the General Statutes of 1865 (p. 741, § 33) which gives the substance of what the plaintiff's affidavit shall contain, is exactly similar to the section of the law of 1855 (R. C. 1855, p. 1018, § 33). Section 35, Gen. Stat. 1865 (p. 742), authorizes the justice not only to give judgment for possession, but " also his debt for the amount of rent then due," if that amount does not exceed the jurisdiction of the justice. The section then closes with this proviso : " And provided further, that, if the plaintiff so elects, he may sue for possession alone,

without asking for a payment of the rent due." If he does not elect to sue for possession alone, must he not, in the words of the act, " ask for a payment of the rent due?" In this suit no payment for the rent due was asked.

III. It was error in the Circuit Court to render judgment for an amount of rent greater than within the jurisdiction of a justice. The jurisdiction of an appellate court, in cases that come up from a court of limited jurisdiction, is exactly co-extensive with that of the inferior court from which the appeal was taken. (Bridle v. Grau, 42 Mo. 359.)

*Cline, Jamison & Day,* for respondent.

I. This suit was properly instituted in the name of the husband, who was the surviving lessor. The rent was payable to him, and the term, after the death of his wife, inured to his benefit. (Gen. Stat. 1865, p. 741, §§ 29, 30, 32, 33.)

II. The judgment entered by the justice should be for the possession of the leased property and the rent due, if it shall not exceed the jurisdiction of the justice. (R. C. 1855, p. 742, § 35; Ridgley v. Stillwell, 28 Mo. 400.)

III. The premises belonged to Mrs. Shields, with full power to sell, lease, dispose of and appoint the use to whomsoever she saw fit. And by this lease, and the reservation of the rents to her husband for the term of two years, she made him her appointee, and appropriated the estate to his use and benefit for the full term of the lease. The notes being made payable to Shields and wife in law, made them payable to him alone, and no one else; and in no event could the remainder attach until the end of the lease, which was an appropriation of the estate to the husband — the end of the term.

IV. The judgment was properly entered against Clifford and her sureties on the appeal bond. (Gen. Stat. 1865, p. 725, § 23.) The judgment of the justice was regular in so far as it awarded restitution of the premises and judgment for the rent of $200 then due, that sum being within the jurisdiction of a justice of the peace, and the rent that accrued afterward was merely inci-

Shields v. Stillman et al.

dent to the appeal ; and the continued occupancy of the premises by the wrongful act of the defendant could in nowise oust the Circuit Court of its jurisdiction of the entire cause.

CURRIER, Judge, delivered the opinion of the court.

This suit was commenced before a justice of the peace to recover possession of certain premises let by deed of lease by the plaintiff and his former wife to one of the defendants, for a term of two years, commencing May 15, 1867, and ending May 15, 1869. The proceeding is founded upon the statute in relation to landlords and tenants (Gen. Stat. 1866, p. 741, §§ 33–5). The defense, in substance, is that the plaintiff's interest in the premises, and the rents reserved by the lease, terminated prior to the accrual of the rent alleged to be in arrear, and that, consequently, no right of action has accrued to him to recover either the rents or possession of the leased premises.

It appears that one Whittier held the legal title to the premises in question, in trust for the sole use and benefit of the plaintiff's wife — the rents, issues and profits being subject to her control and disposition, apart from and independent of her husband. Mrs. Shields intermarried with the plaintiff subsequent to the execution of the deed vesting in Whittier the legal title to the property, in trust, as above stated. She died August 17, 1868, leaving the plaintiff surviving her. The rent, stated in the complaint to be in arrear, accrued between the 15th of September, 1868, and the 15th of October of the same year, being two months, at $100 each.

The deed of lease referred to, under which the rent is claimed to have accrued, was executed by Shields and wife subsequent to their intermarriage. The rent reserved was payable in monthly installments of $100 each, each month's rent being embodied in a promissory note, signed by the lessee and payable to the order of the lessors, namely, "Ellen M. and James Shields."

Mrs. Shields died without issue of the marriage, leaving as her only child and heir at law a daughter by a former husband; her whole estate thereupon descending immediately to this daughter,

including the rents reserved by the aforesaid lease, as the defendants claim. The plaintiff, however, insists that the rents belong to him as the appointee of his wife. His proposition is that the the notes, being made payable to him and his wife, in law, were made payable to him alone, and that the rents were thus appropriated to his use by his wife's appointment.

I do not concur in that proposition. The appointment was not to the husband alone, but to the husband and wife jointly. The transaction evinces a purpose on the part of Mrs. Shields to appropriate the rents to her own use, as well as to the use of her husband. The property belonged to her as her separate estate, and she was empowered to dispose of it as she pleased. She joining her husband in the lease, granted to the lessee an estate for two years, reserving rent in the form of notes payable to the joint order of herself and husband. These notes were neither real estate nor personal chattels in possession, but choses in action, and the surviving joint payee took them by survivorship.

"An executory contract," says Robertson, J. (10 Bosw. 314), "by its mere form survives to the wife when made in her name or the joint names of herself and husband." The converse of this proposition must be equally true — that is, the contract will survive to the husband when he is the survivor. It has often been held that a promissory note, payable to husband and wife, will go to the latter, and not to the husband's representatives, where the wife is the survivor. (6 M. & W. 423; 5 Simons, 35; 16 Mass. 432; 4 Verm. 336; Tyler on Inf. & Cov. 376 *et seq.*) And so where the husband is the survivor, he must take in like manner. The title to these notes, then, vested in the plaintiff as the sole owner upon the death of Mrs. Shields, and not before; but that was sufficient for the purposes of this particular suit.

Hill v. Sanders, 2 Bing. 112, cited by the defendants, is inapplicable to the present controversy. In that case the rent was reserved to the husband and wife, and to the heirs of the latter. It was thus expressly provided that upon the death of the wife the rent should go to her heirs, and not to her husband.

A recovery in this suit of the rent included in the notes, however, is resisted upon the further ground that the plaintiff in his

complaint did not ask for a judgment for rent. That was not necessary.

The statute (§ 33) definitely prescribes what the complaint shall contain, and dispenses with any form of prayer. The plaintiff averred all that the statute required as a condition to the recovery of rent. It was the aim of the Legislature to disencumber these proceedings of all mere technicality.

Again, the statute (§ 35) makes it the duty of the magistrate to render a judgment for rent, upon certain facts being made to appear, although the complaint asks no judgment of that character. The complaint, as prescribed by the statute, contains no prayer for judgment. The judgment follows from the facts averred and proved, regardless of the formalities of the complaint. The statute fixes that, declares what judgment shall be rendered, and, as already remarked, dispenses with a prayer for judgment.

Under the act of 1855 (R. C. 1855, pp. 1016–17; §§ 33, 35), no rent was recoverable, but that act is identical with the present enactment (Gen. Stat. 1865, pp. 741–42, §§ 33, 35) so far as the complaint and proofs are concerned — that is, a complaint and proofs which, under the former enactment, would entitle a party to a judgment for possession alone, under the latter enactment would entitle him to a judgment for the possession and also for the rent in arrear. The two acts differ in respect to the judgment to be rendered, and not in reference to the preliminary proceedings, except as will be presently considered.

The latter enactment (§ 35) contains a final proviso as follows: "And provided further, that, if the plaintiff so elects, he may sue for possession alone, without asking for a payment of the rent due." It is this proviso that introduces confusion and uncertainty. What was its object? Manifestly it was not intended to have the effect of withdrawing from the plaintiff any right secured to him by the other parts of the enactment. The proviso was clearly enacted in the interest of the landlord, and was intended to enlarge and not to restrict his rights. The purpose was thereby to secure to him a privilege not supposed to have been granted in the other parts of the act. It seems to have been

framed upon the theory that, as the act stood, a judgment for possession would bar the landlord's right to sue for rent in another action, unless the first suit was so brought as to exclude the inference that it was intended to embrace rents as well as the question of possession. Hence it was enacted by the proviso that the landlord might, if he so elected, sue for the possession alone, without prejudice to his right to sue for rent in a subsequent proceeding. That was the whole aim of the proviso, so far as I am able to discover its purpose. If it had been the intention of the Legislature to limit the right to recover rent to actions wherein the complaint should contain a prayer for a judgment for rent, it would have been very easy to have said so. A few apt words inserted in section 35 at the appropriate place would have made the whole matter clear and plain. To accomplish that object there was no occasion to resort to this somewhat singularly phrased proviso. The proviso does not say that a party wishing to recover rent in his possessory action shall state the fact in his complaint. It says nothing of the kind. Under the statute the recovery of rent, if the action is sustainable at all, is a matter of course, unless the plaintiff elects to cut himself off from that recovery by his mode of suing. He may do that if he chooses, and sue for his rent in another action. That is what the proviso amounts to.

But the amount of rent recoverable in the possessory suit cannot "exceed the jurisdiction of a justice of the peace." In the case at bar the justice rendered judgment for $200, being the amount of rent then due. The Circuit Court, upon appeal, however, and a trial *de novo*, rendered a judgment for $758.52, an amount greatly in excess of the jurisdiction of a justice of the peace. Sec. 41 of the landlord and tenant act (Gen. Stat. 1865, p. 743), and section 23, in regard to appeals from justices of the peace (Gen. Stat. 1865, p. 725), are referred to as warranting the judgment of the appellate court. The section last referred to (§ 23) authorizes the judgment against the surety upon the appeal bond as well as against the principals therein. That is the substance of it. It has no bearing upon the question respecting the amount for which the judgment may be rendered. The

other section (§ 41) merely provides in what way and upon what conditions a case may be taken by appeal from the justice's court to the Circuit Court. That is the extent of it. It does not authorize the appellate court to render a judgment for an amount in excess of the justice's jurisdiction. The excess of the judgment in this case was not the result of the accumulation of interest, or any other matter merely incidental to the original debt sued for. The judgment embraced five months' rent not due when the suit was brought, and it will be remembered that this is not a proceeding under the forcible entry and detainer act. A judgment in excess of the justice's jurisdiction was not warranted.

Whether there was a forfeiture of the lease, and whether rent could be recovered by the plaintiff subsequent to the forfeiture, are questions that I do not deem it necessary to consider. The judgment must at least be limited to an amount within the jurisdiction of the justice.

The judgment will be reversed and the cause remanded. The other judges concur.