MICHAEL DOYLE ET AL., Appellants, *v.* JOSEPH O'NEIL, Respondent.

### April 22, 1879.

A tenant's obligation to pay rent arises from the covenants in his lease, and when he holds over by consent, his obligation continues as before. A change of ownership of the land does not, where there is no divestiture, enable the new owner to sue the tenant for rent accruing during the period of his ownership.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
JOHN N. STRAAT, for appellants.
DONOVAN & CONROY, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action brought by the plaintiffs as administrators of the estate of Jane Doyle, widow of John Doyle, to recover certain sums as rent. In December, 1847, one Crickard executed a lease of land for twenty years from June 14, 1847, at a yearly rent, and of this lease the defendant became assignee, paying rent to his lessor, Crickard. This lease gave the lessee the right to remove buildings, on certain conditions. The defendant sublet portions of the premises, and, by himself and his tenants, dwelling-houses were erected on the land. For unexplained reasons, the legal

title to this land when the lease was given was in one Churchill, and thence passed to others, but was, by deed recorded on October 4, 1869, and acknowledged on July 24, 1868, but dated December 4, 1866, placed in Crickard, in whom it stood at his death in 1872. It appears that John Doyle, who was connected with Crickard in business, had a secret interest in the land to the extent of one-half, but he asserted no ownership, putting Crickard forward as the owner. Though the lease expired, the defendant continued in possession, no new arrangement being made until 1869, when Crickard and the defendant had an accounting, and the latter, instead of paying as before by the lease, agreed to pay $925 yearly rent. Under this new arrangement, the defendant continued to hold the premises until this suit was brought, in July, 1875.

John Doyle died on September 9, 1867. The defendant became his executor, and filed an inventory containing a statement that this land was " under lease to Joseph O'Neil, which expired June 14, 1867, and said O'Neil is holding over and is in possession." Soon after the defendant took out these letters, he was by Crickard directed to, and did, pay one-half of the rent of this property to Doyle's estate. In December, 1867, the plaintiffs' intestate elected, under the statute, to take a child's share in her late husband's realty. The court below ruled that the plaintiffs were not entitled to recover.

It is contended that as Mrs. Doyle took, to the knowledge of the defendant, an absolute share in John Doyle's real estate, the act of the defendant in retaining possession of this property was wrongful, and that he is liable to the plaintiffs for a share of the rents proportionate to Mrs. Doyle's interest in the property. In the first place, it does not appear that at any time before this suit was brought John Doyle had any legal title to any interest in the land. After suit brought, a declaration, made in 1866, by which Crickard and Doyle acknowledged themselves to be owners

of the land as tenants in common, was put upon record. Though the defendant witnessed the execution of this instrument, this is not proof that he knew its contents. If, however, upon the defendant's testimony, it is granted that he knew that Doyle owned one-half of the land, this fact and the facts, upon which the plaintiffs strongly insist, that the defendant knew that the widow had elected to take a child's share in the realty, and that in the inventory the defendant had acknowledged Doyle's interest as existing, have no such legal significance as the plaintiffs would attach to them. The defendant was under no obligation to pay rent to Doyle. The defendant's covenant was with Crickard by virtue of the lease and the assignment. When the lease expired the arrangement was continued as before, until 1869. The new arrangement was between the defendant and Crickard. Between Doyle and the defendant there was neither privity of estate nor privity of contract. So matters continued until after Doyle's death. Even then there was no interposition, any more than before his death, disturbing the relation of lessor and lessee which for so many years had existed between Crickard and the defendant. Crickard, it is true, told the defendant to pay one-half the rent to Doyle's estate, and the defendant faithfully did so. That was a disposition that satisfied the defendant's obligation to his lessor, and so far as third persons claiming equitable interests, the lessee was not concerned with them. The lessee became executor of John Doyle, but between the two capacities of executor and lessee under Crickard there was no antagonism, as the result showed. One-half of the rents was paid to the Doyle estate by the lessee, and of this Mrs. Doyle got her full share. The present is an attempt to, make a lessee who has once paid the full rent, according to his landlord's direction, pay it or a portion of it to a person between whom and the lessee there was neither privity of estate nor privity of contract. But the law which forbids a tenant to deny his landlord's title protects the tenant

when the latter pays rent according to the landlord's direction.

The plaintiffs' position implies that the mere facts that a person is the owner of land, and known to be such to a person in possession, raise an obligation on the part of the latter to pay rent to the former. This position is untenable. It is from the covenant to pay rent that the obligation arises, and where the lessee holds over by consent, the obligation continues as before. Even in *assumpsit* for use and occupation, by which, not rent, which is here sued for, but a reasonable sum for use is sought, the relation of landlord and tenant must exist. Slight evidence, it is true, — as, a permissive holding, — may establish this relation, but where the facts negative it, the action does not lie. *Quackenboss* v. *Lansing*, 6 Johns. 49 ; *Bancroft* v. *Wardwell*, 13 Johns. 488 ; *Little* v. *Pearson*, 7 Pick. 301. Where a tenant has come in under a landlord, pays rent to him, and there is no divestiture, the same tenancy continues that was created by the original demise, and a change in the ownership of the land does not enable the new owner to sue for rent accruing during the period of his ownership. *Balls* v. *Westwood*, 2 Camp. 11, and note ; *Cripps* v. *Blank*, 9 Dow. & Ry. 481 ; *Tew* v. *Jones*, 13 Mee. & W. 12.

Here, the legal title wandered about, but was in Crickard possibly in 1866, certainly in 1869. The defendant was not liable to the person who happened to own the land. The defendant was lessee under Crickard, and the holding under Crickard was never divested. We need not inquire if any interference on the part of the Doyles could have availed anything, for there was no attempt on the part of Doyle or his widow to interfere with the existing relation of landlord and tenant ; nor did the defendant, in obeying Crickard's direction as to one-half of the rent, recognize Mrs. Doyle in Crickard's place. The point made by the plaintiffs is that the defendant did not attorn to Mrs. Doyle, and this only serves to show more plainly that they have no case.

The judgment is affirmed. All the judges concur.