J. H. DUKE, Respondent, v. CHARLES COMPTON *et al.*, Appellants.

St. Louis Court of Appeals, April 19, 1892.

1. **Landlord and Tenant**: STATUTORY REMEDIES FOR RECOVERY OF POSSESSION ON DEFAULT IN PAYMENT OF RENT. The remedies provided by sections 6392 and 6397 of the Revised Statutes, 1889, for the recovery of the possession of the rented premises from the tenant for nonpayment of rent are different and distinct. Under the former section the possession of the premises and the rent in default can be recovered; under the latter the possession only. The remedy under the former section can only be invoked when the relation of landlord and tenant exists, and, therefore, a purchaser from the landlord cannot invoke it, unless the tenant has attorned to him; but such purchaser can proceed under the latter section without such attornment.

2. ———— : ————: CHANGE FROM ONE REMEDY TO THE OTHER. A purchaser from the landlord cannot institute an action under said section 6397, and prove a cause of action and recover under said section 6392.

3. ————:————: EXHIBITION OF DEED BY PURCHASER FROM LANDLORD TO TENANT. In order to entitle a purchaser of the rented premises from the landlord to the recovery of those premises from the tenant under said section 6397 he must have a deed for the premises, regularly acknowledged, from the landlord. The possession by him, and exhibition by him to the tenant, of a title bond from the landlord for the premises will not suffice.

4. **Vendor and Vendee**: ACCEPTANCE OF OFFER OF SALE. A binding contract or sale does not result, where the owner of land made an offer to sell it, and the person to whom it is made does not accept it without change or qualification, but attaches to his acceptance a condition which is refused by the owner.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*Jones, Olden & Orr*, for appellants.

Section 6397, Revised Statutes, 1889, does not authorize a judgment for rent either in the justice's court or the circuit court. *Green v. Steinberg*, 15 Mo. App. 32; R. S. 1889, sec. 6399. The court very properly held that, since the plaintiff did not bring himself within the provisions of section 6399, *supra*, by showing that he was a purchaser of defendant's landlord by a "deed regularly acknowledged," he was not entitled to recover possession.

*N. B. Wilkinson*, for respondent

Defendants having attorned to plaintiff and agreed to pay him rent, this case is governed by section 6391, *et seq.*, Revised Statutes, 1889. The finding of facts by the lower court, sitting without a jury, will not be disturbed by the appellate court. *Handlan v. McManus*, 100 Mo. 124.

BIGGS, J.—This action originated before a justice of the peace. The complaint, omitting the caption, is as follows: "Joseph H. Duke, the petitioner above named, for his cause of action alleges that, on or about the fifteenth day of April, 1891, J. T. Gipson was the owner of lot 19 in block 7 of the original plat of Willow Springs, in Howell county and state of Missouri, and the buildings situate thereon, and that, on the fifteenth day of April, 1891, said J. T. Gipson leased said lot and the buildings thereon to the above-named defendants for the term of one month at the rental of $5 per month,

VOL. 49—20

payable monthly in advance, and that said defendants thereafter entered into the possession of said described premises, and have all the time since occupied them.

"That, on the twenty-fourth day of July, 1891, he purchased said described premises by a written contract of purchase from said J. T. Gipson, and is now, and has been since said date, the sole owner of said above-described premises, and entitled to all the rents for same.

"Plaintiff further alleges that, on the fifteenth day of August, 1891, at which time the rent for the succeeding month was due and payable, he personally demanded of said defendants, and each of them, that they pay the rent then due and payable, to-wit, the sum of $5, and at the same time exhibited to said defendants his written contract of purchase of said described premises from said J. T. Gipson, but that said defendants refused, and still refuse, to pay said rent.

"For the reasons herein set forth, your petitioner demands that the restoration of said premises be made to him, and that he have judgment for his costs."

The petition was duly verified. On affidavit of the defendants, the case was certified to the circuit court of Howell county under section 6219, Revised Statutes, 1889, where it was tried before the court sitting as a jury. The court was of the opinion that the plaintiff was not entitled to a judgment for the possession of the property, but *was* entitled to a judgment for past due rent, and judgment was entered accordingly. The defendants have appealed.

It is claimed by the defendants' counsel that the judgment entered by the court was not authorized by the pleadings and evidence. The determination of this question is the only matter which we need consider.

It is conceded that Gipson owned the property on the fifteenth of April, 1891, and that on that day he

rented it to defendants by the month, rent payable in advance. The plaintiff claimed, and his evidence tended to prove, that his negotiations for the purchase of the property, which culminated in the execution and delivery of a title bond by Gipson on the twenty-fourth day of July, 1891, commenced with Gipson's agent at Willow Springs about the fifteenth day of May; that, at the last-mentioned date, he agreed with the agent as to the terms of sale, paid him $10 on the purchase and took his receipt therefor; that, afterwards, about the fifteenth day of June, he had a talk with the defendant, Charles Compton, who still held the possession of the property, concerning it. This conversation was thus detailed by the plaintiff: "The morning of fifteenth (June) he (Compton) came and wanted to rent it the balance of the month. He said he was about to get another building there, and as soon as the building was done he would move. I told him I could not rent it for $5 a month, and said you will have to pay $12. He agreed to pay at that rate. After the conversation be said he would get out by the first of July, if he had to move into the street or to the barn. I said there was no occasion for that." On account of the change of residence by Gipson, who was a non-resident, he was not advised of the negotiations between the plaintiff and his agent for some time thereafter. When the matter was finally closed by the execution of a title bond the plaintiff exhibited it to the defendants and demanded possession of the property, which was refused. This was the substance of the plaintiff's evidence.

The defendants read in evidence some correspondence between them and Gipson, antedating the title bond, which correspondence, they claimed, constituted a valid contract of purchase of the property from Gipson. Their defense to the plaintiff's suit was that

he had no deed to the property, and that they no longer occupied the property as tenants, but as purchasers. The defendants also read in evidence a notice served on the defendants by the plaintiff notifying them of the purchase, and requiring them to deliver the possession of the property to him on September 15, 1891.

It is evident from the judgment itself and the instructions that the circuit court treated the action as one under section 6392, instead of 6397, Revised Statutes, 1889. Under section 6392 there may be a recovery in one action for both possession and rent, but, to sustain the action, the plaintiff must occupy the position of landlord as to the demised premises. If he is a purchaser from the landlord he must aver and prove that the tenant in possession has attorned to him, thereby establishing the relation of landlord and tenant between them. In no other way can rent be recovered as such under this section of the statute.

Section 6392 reads: "Whenever any rent has become due and payable, and payment has been demanded by the *landlord or his agent* from the lessee or person occupying the premises, and payment thereof has not been made, the *landlord* or his agent may file a statement, verified by affidavit with any justice of the peace in the county in which the property is situated, or, if the same shall be in a city having over one hundred thousand inhabitants, then with a justice of the peace of the ward or district in which the property is situated, and in which such justice shall have been elected or appointed, setting forth the terms on which said property was rented, and the amount of rent actually due to such *landlord;* that the same has been demanded from the tenant, lessee or person occupying the premises, and that payment has not been made, and particularly describing the property rented or leased; and thereupon such justice shall issue a summons

directed to such tenant or lessee and to all persons occupying the premises, by name, requiring them to appear before him upon a day to be therein named, and show cause why possession of the property should not be restored to the plaintiff," etc.

Section 6394 reads: "Upon the return of the summons executed the justice shall proceed to hear the cause; and if it shall appear that the rent which is due has been demanded of the tenant, lessee or persons occupying the property, and that payment has not been made, and if the payment of such rent, with all costs, shall not be tendered before the justice on the hearing of said cause, the justice shall render judgment that the landlord recover the possession of the premises so rented or leased, and also his debt for the amount of the rent then due, with all costs," etc.

The action provided for by section 6397 is one for possession *only*. *Green v. Steinberg*, 15 Mo. App. 32. This and the two succeeding sections afford a purchaser of demised premises, who holds a deed, a summary action for possession against the tenant, where the latter, upon exhibition of the deed, has refused to pay rent. This is the full extent of the remedy. There can be no recovery for rent. The sections of the statute referred to read:

"Sec. 6397. If any person purchase lands or tenements occupied at the time of such purchase by any tenant, lessee or sublessee, who shall, at any time thereafter, fail to pay rent to such purchaser, the person purchasing such property shall have the right, upon such failure, to commence proceedings before a justice of the peace to recover *possession*, as above provided.

"Sec. 6398. Before such proceedings are commenced the plaintiff or his agent shall make a demand of rent, as provided, and, at the time of making the

demand, shall exhibit to the tenant or person in posses-
sion of the premises the *deed* under which he claims
title, and if payment be then refused, the owner may
commence his action as aforesaid.

" Sec. 6399. It shall be sufficient for such person
to file his complaint, verified by affidavit, stating by
whom the premises were leased, and the terms of such
lease or renting, and how he claims title to the same;
and upon the trial of the cause, if the plaintiff show
that the party in possession, or those under whom he
claims, rented or leased from a party claiming title to
the premises by deed, and that the plaintiff has acquired
the title of the original lessor by a *deed* or *deeds*,
*regularly acknowledged*, he shall be entitled to recover
possession."

Now it is quite clear that the plaintiff intended to
state a cause for action under section 6397. The aver-
ments bring the case under that section, and no other.
The prayer for judgment is in accordance with it. If
the pleading had been drawn under section 6392, it
would have been necessary to have averred facts from
which the relation of landlord and tenant could have
been inferred, and also the amount of rent due and
unpaid ought to have been stated. Treating the action
as one under section 6397, the plaintiff's evidence failed
to make out a case because it showed he only had a
title bond from Gipson. To entitle him to the remedy
afforded by the section it was necessary for him to
have had a deed, regularly acknowledged. Why the
legislature deemed it necessary to confine the remedy
to purchasers having deeds is no concern of ours. The
law is so written, and the courts must obey it. The
plaintiff having failed in his proof in this respect, it was
not permissible for him to shift his position and under-
take to make a case under section 6392. The two
actions are separate and distinct; they require different

averments and different proof, and a plaintiff cannot recover under the one section or the other as his evidence may warrant. Hence the plaintiff's evidence, tending to show that the defendants recognized him as their landlord, and agreed to hold thereafter under him, was entirely irrelevant and foreign to the issues, and in no way helped the plaintiff out of the dilemma. We, therefore, conclude that the action was improvidently brought, and that it cannot be maintained.

Concerning the second defense we need only to say that in our opinion the evidence introduced by the defendants to prove a prior contract of purchase by them is insufficient. Gipson's letter to them, containing the proposals and terms of sale, called for notes bearing ten-per-cent. interest. Instead of accepting the proposition, without change or qualification, they tendered notes bearing eight-per-cent. interest, and also attached a condition that Gipson should be responsible for the shelving which had been removed from the storeroom. This did not amount to an acceptance, but was a counter-proposition, which the evidence shows Gipson promptly rejected.

With the concurrence of the other judges the judgment of the circuit court will be reversed. It is so ordered.