Theobald Anselm, Respondent, v. Charles H. Groby *et al.*, Appellants.

St. Louis Court of Appeals, May 7, 1895.

1. Landlord and Tenant: REMEDY OF PURCHASER AGAINST TENANT WHO REFUSES TO ATTORN. A judgment for possession, and not for rent, is the proper recovery in an action brought, under section 6397 of the Revised Statutes, by the purchaser of land against a tenant who refuses to pay rent or attorn.

Anselm v. Groby.

2. ———: ———: SUPERSEDEAS APPEAL BOND. When, in such an action, an appeal is taken by the tenant from an adverse judgment of the circuit court, the *supersedeas* bond should be conditioned as in ordinary cases.

3. ———: ———: ———: CHANGE OF TERMS OF BOND WITHOUT CONSENT OF SURETY. The obligation of a surety can not be extended beyond its terms, and the interpolation without his consent of terms enlarging his obligation will discharge him from liability. Accordingly, it is held that a *supersedeas* bond, such as above mentioned, was invalidated as to a surety by the insertion therein, without his consent, of a clause for the payment of "rents now due and to accrue and to stay waste."

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*A. McElhinney* for appellants.

*George A. Castleman* for respondent.

BOND, J.—This suit is based upon an appeal bond given by the defendant for the prosecution of an appeal from a judgment in a landlord's summons proceeding in the circuit court of St. Louis county. The defense is that there was a material alteration in the bond after it was signed. On the trial it appeared that the bond in suit, after it had been signed by the principal maker and the defendant McElhinney, was delivered to the attorney of the former to be completed and filed as a *supersedeas* and appeal bond. Accordingly, the bond in this condition was presented to the circuit judge, who suggested that it would be formally correct if the clause, to wit, "and rents now due and to accrue and to stay waste," was added. This was done by the attorney in the presence of said judge, and thereafter the amount for which the bond was given was also inserted, and it was signed by the other

security and filed in court as a *supersedeas* and appeal bond. Although there was no evidence showing defendant McElhinney was present and actually consenting to the insertion of the aforesaid clause, yet it did appear that he knew the purpose for which the bond was to be given when he signed the same, and delivered it in its incomplete state to the attorney of the principal obligor. Upon the foregoing facts the circuit judge instructed the jury that defendant McElhinney was liable upon said bond for the rents, accruing upon the land during the litigation had for the recovery of possession and while the possession was withheld by the principal maker. A verdict and judgment was rendered accordingly, from which this appeal is taken.

The original action, wherein the bond sued on was given, was one for possession by a purchaser of real estate against a tenant who refused to attorn or pay rent. Revised Statutes, 1889, sec. 6397. A judgment for possession, not for rent, is the proper one in such actions. *Duke v. Compton*, 49 Mo. App. *loc. cit.* 309; *Green v. Sternberg*, 15 Mo. App. 32. Such was the judgment rendered in the circuit court of St. Louis county, from which an appeal was taken to this court where it was affirmed. The bond now sued on was given for that appeal, and was in the form prescribed for a *supersedeas* by the statute regulating appeals from the circuit courts. Revised Statutes, 1889, sec. 2249. Upon its presentation to the circuit judge he suggested the addition of the clause, "and such rents now due and to accrue, and to stay waste."

In case of a judgment for possession by a justice of the peace against a tenant refusing to pay rent to a purchaser of the demised premises, an appeal to the circuit court will not be allowed the defendant, "unless he give bond with surety sufficient to secure the payment of all damages, costs and rent then due and to

accrue, and with condition to stay waste." Revised Statutes, 1889, sec. 6400. The reason of this requirement is that the plaintiff, in such action, can only recover possession. He should, therefore, be secured against loss of the rental value of the premises during the continuance of the litigation whereby he is kept out of possession. After such action is carried to the circuit court and a judgment rendered, the right of appeal on the part of the defendant is governed by the statute regulating appeal and *supersedeas* bonds in that tribunal. The bond now sued upon is conceded to have been in exact accordance with this statute before the interlineation complained of, and it had been executed by the defendants and delivered to an attorney to procure an appeal from the judgment for possession against the principal maker.

The only inquiry, therefore, is, what was the scope of the bond when so signed, and did the clause put therein upon the suggestion of the circuit judge, alter or vary its legal effect. This court in *Green v. Sternberg, supra,* in speaking of a bond given for an appeal from a judgment of the circuit court affirming a judgment for possession rendered by a justice, has said: "The appeal bond in the circuit court was to secure plaintiff against any damage by reason of the appeal. The loss of rent of the premises, out of possession of which plaintiff was kept by the appeal, was a part of the damages caused by the appeal. The defendant, on taking the appeal from the justice, bound himself to pay all the rents that might accrue. Unless he had done so, he would not have been allowed an appeal. It is true that the language of the appeal bond, given in the circuit court, is that the appellant shall pay all damages and costs that may be awarded against him by the St. Louis court of appeals, and that this court made and could make no award of rent as damages.

But this court, by affirming the judgment of the circuit court, necessarily awarded to plaintiff whatever he was entitled to recover by virtue of the judgment for possession which was affirmed, and this judgment of possession entitled plaintiff to such rents as had accrued and remained unpaid from the date of the proceedings before the justice.'' The facts in the *Sternberg case* were that the sureties on the appeal bond given in the justice's court and on the appeal bond given in the circuit court were the same, and these sureties were sued in the same action on two counts. Touching their aggregate liability there was no dispute. The only question was whether their liability either on the first or second count was to be increased and that on the other count correspondingly diminished. These circumstances probably prevented the learned judge who delivered that opinion from being as accurate in his definitions of the liability of the sureties as he otherwise would have been. The language used by him, and above quoted, can not be vindicated in view of many subsequent decisions of the supreme court in analogous cases, and does not meet with our approval. The obligation of a surety can not be extended beyond the precise terms of his contract. Prior to the interpolation in the bond in suit there was nothing in its terms which obligated the surety to pay the rental value of the premises in dispute during the time their possession was withheld by his principal. Under the decisions of the supreme court, the addition of a clause, without the surety's consent, whereby his undertaking is enlarged, can not be the basis of a recovery against the surety. *Nofsinger v. Hartnett*, 84 Mo. 549; *State v. McGonigle*, 101 Mo. 353; *Bauer v. Cabanne*, 105 Mo. 110; *Schuster v. Weiss*, 114 Mo. 158.

The plaintiff, on a retrial, may be able to show that the attorney who presented the bond had the defendants' authority to consent to such alteration as would

make the bond complete in the opinion of the judge. If there was any evidence on that subject, it was not considered by the trial court, as the court's instruction for the plaintiff was peremptory. The judgment will be reversed and the cause remanded to be proceeded with in conformity with this opinion. All the judges concur.