KREZENTIA WINKELMEIER, Respondent, v. GEORGE KATZELBURGER et al., Appellants.

.St. Louis Court of Appeals, November 29, 1898.

1. **Landlord and Tenant:** RENT: ACTION. A landlord is entitled to an action against his tenant for rent in arrears, or the restitution of the premises, or both upon the refusal to pay accrued rent, upon the demand of the landlord or his agent.

2. **Rights of Grantee or Purchaser:** LEASE: STATUTORY CONSTRUCTION. Under the Revised Statutes of Missouri, 1889, section 6397, a grantee or purchaser of property subject to an outstanding lease is entitled, upon the exhibition of his deed or muniment of title to the tenant, to recover possession of the premises, if the tenant fails or refuses to pay the rent upon the demand of the purchaser.

3. ———: ———: ———: ACTION: PLEADING. And upon such failure or refusal the purchaser may institute an action for possession *only* of the premises in dispute and may recover to that extent.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED (*with directions*); Judge BIGGS dissenting.

MORRIS & FITZGERALD for respondent.

The facts in this case fully appear in the transcript. The only point urged by appellants is that the

circuit court erred in permitting plaintiff to amend the complaint during the trial and before verdict by inserting the words "that Krezentia Winkelmeier acquired this property from Frederick Kroeger and wife by deed dated Jan. 14th, 1898, and that said defendants had rented the said property from said Frederick Kroeger at the rate of twenty dollars per month, payable in advance." The respondent respectfully submits that section 2098, Revised Statutes of Missouri, fully clothed the court with authority to permit the amendment complained of by appellants. In the case of Sheehan & Loler Transportation Co. v. Sims, reported in 36 Mo. App. 233, the court approvingly quotes: "The court may at any time before final judgment in furtherance of justice and on such terms as may be proper amend any record, pleading, * * * by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense by conforming the pleadings or proceedings to the facts proved." To the same effect are the following decisions: Wetzell & Griffith v. Wagoner, 44 Mo. App. 515; Collins v. Glass, 46 Mo. App. 302; Corrigan & Waters v. Brady, 38 Mo. App. 657, 658; Sinclair v. Railway, 70 Mo. App. 597; State ex rel. Pemiscot Co. v. Scott, 104 Mo. 34, 35, 36; Reagen v. Railway, 111 Mo. 460; Harlan v. Moore, 132 Mo. 488; Nash v. Craig, 134 Mo. 354; Habel v. Railway, 140 Mo. 165. The reports are replete with cases establishing the right of the circuit court to permit amendments similar to that of which appellants complain, but we submit that a sufficient number have been above cited to clearly demonstrate that no error was committed by the trial court. The court will also observe that the transcript of evidence shows that before suit was brought plaintiff exhibited to defendants his deed to the property in question; and therefore defendants

can not claim that they were taken by surprise by the amendments, for that is the only fact alleged in said amendment. Respondent therefore respectfully submits that the judgment of the lower court should be affirmed.

SAMUEL L. ISBELL for appellants.

The instruction offered by defendants should have been given. The affidavit filed before the justice was fatally defective in failing to state facts required by section 6399, Revised Statutes 1889. Evans v. Miller, 25 Mo. 195. And no recovery can be had under section 6399 because the action was commenced and founded on section 6392 of Revised Statutes 1889. Rhea v. Railway, 84 Mo. 348. The amended complaint contained new matter changing the cause of action from an ordinary rent suit to a distinct statutory procedure for possession and should have been verified by new affidavit. R. S. 1889, sec. 6399. The court erred in giving judgment upon the amended complaint, which stated a new cause of action under section 6399, being separate and distinct from the action provided by section 6392. The quality and kind of proof were entirely different, and plaintiff is bound by her election. Thiemann v. Goodnight, 17 Mo. App. 429; Evans v. Railway 67 Mo. App. 255. It is respectfully submitted that the judgment should be reversed.

BOND, J.—Frederick Kroeger executed a warranty deed to the premises in dispute to Mrs. Winkelmeier, on the fourteenth of January, 1898. Prior to this conveyance defendants were in possession of the property as the tenants of the grantor upon an agreement to pay rent, in advance, at the rate of $20 per month. The grantee immediately exhibited her deed to the

tenants and demanded rent due for the month of January, which was refused. The defendants also refusing to attorn to her, she, thereupon, on the eighteenth of January, 1898, brought an action before a justice of the peace, claiming rent and restitution of the premises. The defendants filed an answer, denying their obligation to pay rent, and refusing to attorn to plaintiff. From a judgment in plaintiff's favor in the justice's court, the defendants prosecuted an appeal to the circuit court, where the cause was submitted to the court without a jury. After hearing evidence of the foregoing facts, the court, over defendant's objection and exception, permitted plaintiff to amend her complaint so as to show that plaintiff had acquired the property by deed from Frederick Kroeger and wife and that defendants had rented such property from Frederick Kroeger at the rate of $20 per month, payable in evidence. Thereupon the court gave judgment in favor of plaintiff for $70, as the rent for the property in dispute, and also for the possession of the premises. Defendant appealed to this court.

The judgment can not be sustained under the facts shown in this record. A landlord is entitled to an action against his tenant for rent in arrears, or the restitution of the premises, or both, upon the refusal to pay accrued rent upon the demand of the landlord or his agent. Neiner v. Altemeyer, 68 Mo. App. loc. cit. 247; R. S. 1889, sec. 6392 et seq. A grantee or purchaser of property subject to an outstanding lease is entitled upon the exhibition of his deed or muniment of title to the tenant, to recover GRANTEE entitled to possession only against tenant with outstanding lease. possession of the premises, if the tenant fails or refuses to pay the rent upon the demand of the purchaser. R. S. 1889, sec. 6397 et seq. Upon such failure or refusal the purchaser may institute an action for possession *only*

of the premises in dispute, and may recover to that
extent. Duke v. Compton, 49 Mo. App. 304; Anselm
v. Groby, 62 Mo. App. loc. cit. 423. In the case at
bar the learned circuit judge erred in rendering a
judgment for rent. The undisputed evidence shows
that defendants never at any time attorned to plaintiff
or recognized her as their landlord. She can not,
therefore, recover in the present action anything ex-
cept the restitution of the premises.

The judgment is reversed and the cause remanded
with directions to try the cause in conformity with
this opinion. All concur. Judge BIGGS is of the
opinion that the cause should not be remanded.

### DISSENTING OPINION BY JUDGE BIGGS.

The allegations in the original complaint bring
the case clearly within the provisions of section 6392
of the statute. It is averred therein that the defend-
ants were tenants of the plaintiff; that the property
was rented to the defendants by the month at the rate
of $20 per month; that, on the thirteenth day of Jan-
uary, 1898, one month's rent was due; that the same
had been demanded of defendants, and that they had
failed to pay. Judgment for the possession and rent
was asked. To maintain an action under this section
we have held that the relation of landlord and tenant
must exist. Duke v. Compton, 49 Mo. App. 304.
The words of the statute make this conclusion un-
avoidable. We also decided in the *Duke* case that an
action under section 6392 was essentially different
from one under section 6397; that the two sections
require different averments and different proofs, and
that a party could not sue under one and recover
under the other. In the case at bar the plaintiff
failed to prove the alleged tenancy. Her evidence

tended to prove a cause of action under section 6397, that is that her immediate grantor leased the premises to the defendants at a stipulated rent; that after her purchase and prior to the institution of the suit she exhibited her deed to the defendants, and demanded of them the payment of the past due rent, and that they refused to pay it. Under this proof the circuit court allowed the plaintiff to amend her complaint by inserting that she had purchased the land from the lessor of the defendants; that prior to the institution of the suit she had exhibited her deed to them and demanded the payment of the rent then due, and that they had refused to pay it. This amendment changed the cause of action, which is not permissible. As it is clear that under the evidence the plaintiff can not recover under section 6392, and as it is equally clear that she can not amend her cause of action so as to bring it within the provisions of section 6397, I am of the opinion that the cause should be dismissed.