## EUGENE SULLIVAN, Respondent, v. ALBERT LUECK, Appellant.

**Kansas City Court of Appeals, March 7, 1904.**

1. **LANDLORD AND TENANT: Purchaser's Action for Possession: Statement: Statute: Surplusage.** A statement before a justice of the peace is held to aver every fact required by section 4138, Revised Statutes 1899, and on the conceded facts plaintiff was entitled to recover possession; and the fact that the statement prayed for recovery was mere surplusage and could not defeat his recovery.

2. ———: ———: **Payment of Rent to Grantor: Notice.** The fact that after the transfer by the landlord to the purchaser the tenant paid rent to the landlord can not defeat the purchaser's right to recover possession when the tenant has been notified to pay rent to the purchaser.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan*, Judge.

AFFIRMED.

*John D. Bohling* for defendant.

(1) The court erred in refusing the defendant's first instruction in the nature of a demurrer to the evidence. Because the allegations of the complaint bring the case clearly within the provisions of section 4131 of the statute of 1899. Revised Statutes 1899, secs. 4131, 4136, 4137 and 4138; Duke v. Compton, 49 Mo. App. 310; Winkelmeier v. Katzenburger, 77 Mo. App. 220. (2) The court erred in refusing said instruction for the reason, that the evidence shows that at the time the demand for rent was made and the deed exhibited to the defendant he owed no rent. Revised Statutes 1899, sec. 4137.

*John Cashman* for respondent.

(1) The complaint follows the positive command of the statute to the letter. R. S. 1899, sec. 4138; Vaughn v. Locke, 27 Mo. 290; Cook et al. v. Decker, 63 Mo. 328; State ex rel. v. Allen, 45 Mo. App. 551; Logan v. Byers, 79 Mo. App. 559; Mooers v. Martin, 23 Mo. App. 645; Welch v. Ashby, 88 Mo. App. 400. (2) The fact that rent and possession are both asked for in the prayer is immaterial. The prayer is not a part of the statement of the cause of action. McGrew v. Railway, 87 Mo. App. 250; State ex rel. v. Horton L. S. L. Co., 161 Mo. 664; Dickey v. Insurance Assn., 82 Mo. App. 372. (3) All rent that became due after the purchase of the land by plaintiff became his absolutely upon giving notice to defendant of his intention to claim the same. After notice the defendant paid the rent to Eliza Sullivan at his own peril, and in defiance of plaintiff's legal rights in the premises. R. S. 1899, section 4136; Page v. Culver, 55 Mo. App. 606; Zeysing v. Welbourf, 42 Mo. App. 352; Smith v. Aude, 46 Mo. App. 631; Bradford v. Tilly, 65 Mo. App. 181; Bonnell v. Pack, 79 Mo. App. 496; Gray v. Rogers,

30 Mo. 258; Stevenson v. Hancock, 72 Mo. 612; Winfrey v. Work, 75 Mo. 55.

SMITH, P. J.—Eliza Sullivan was the owner of a small-farm which she leased to the defendant for the term of three years and by the provisions of the lease the rent thereby reserved was payable semiannually, "one-half to be paid in August and the other half before the year expires, from March 1, 1902, to March 1, 1905." On November 10, 1902, Mrs. Sullivan by deed of that date conveyed the leased land to defendant. In the following month (December), the plaintiff notified the defendant of his acquisition of the title to said land so leased and that he claimed the rent to become due, the latter's lease from Mrs. Sullivan, on March 1, 1903. On this last mentioned date the plaintiff exhibited his said deed to the defendant accompanying such exhibition with a demand of payment of the rent which had accrued since his purchase, but the payment of which was refused by the latter. It is conceded that the defendant, after he had been notified by plaintiff that he had purchased the leased land and claimed the rent thereafter to become due under the said lease, paid to Mrs. Sullivan the semiannual rent falling due under his lease from her before March, 1903—the date of the expiration of the rental year.

This action was commenced before a justice of the peace on March 3, 1903. The complaint in its statement of facts conformed to the requirements of section 4138. As far as we are able to discover, every fact required by that section is therein fully stated. The statement of the constitutive facts is followed by a prayer for judgment for $37.50, the semiannual rent due under the lease on March 1, 1903, and for restitution of the premises.

It will be seen by reference to sections 4136, 4137 and 4138, Revised Statutes, that it is there provided

that, where any person purchases land occupied at the time of such purchase by any tenant who shall at any time thereafter fail to pay the rent to such purchaser, then such purchaser shall have the right upon such failure to commence his action to recover possession, but that before such action shall be commenced such purchaser shall make a demand of rent and at the time of making such demand he shall exhibit to the tenant the deed under which he claims title, and if payment be then refused he may commence the action aforesaid. The plaintiff both alleged and showed at the trial that the defendant, the party in possession, leased from Mrs. Sullivan who claimed title to the land by deed, and that the former had acquired her title by a deed regularly acknowledged.

The plaintiff was entitled on the conceded facts to recover possession and the trial court so adjudged. It is difficult to see how the court could have given any other judgment. The mere fact that there was a prayer in the concluding part of the complaint for the rent then due under the terms of the lease could make no difference. The prayer for the recovery of the possession was all that was required. The plaintiff prayed for too much—more than he was entitled to have adjudged to him; but it is incontrovertibly true that the facts stated in the complaint, if found, warranted the judgment for the possession. The prayer for more than plaintiff was entitled to was but a mere superfluity that did not injure anyone. *Surplusagium non nocet.* The defendant as the tenant of Mrs. Sullivan refused to attorn to the plaintiff, her grantee, and refused to pay the rent to him, although he made a demand therefor accompanied by an exhibition of his deed. The remedy afforded the plaintiff by the statute went no further than to allow him to recover the possession. Duke v. Compton, 49 Mo. App. 304; Anselm v. Groby, 62 Mo. App. 421; Winkelmeier v. Katzenburger, 77 Mo. App. 117. The statement of facts set forth in the complaint

clearly shows that the action was based upon sections 4136, 4137 and not upon sections 4130, 4131, Revised Statutes, as defendant contends.

The concluded fact that defendant paid Mrs. Sullivan the semiannual rent falling due March 1, 1903, is no defense to the action, for the further fact is conceded that he was notified prior to such payment that the plaintiff had purchased the land of his lessor and claimed the rent thereafter to accrue. He was not required to pay the rent to his lessor or her grantee before March 1, 1903, and if he paid it to her with notice of the purchase by plaintiff he did so at his peril. His payment was in fraud of the plaintiff's rights and can not be invoked as a defense to defeat the latter's action against him for the recovery of the possession. He is in no better situation than he would have been had he not paid the rent at all.

It follows that the court committed no error in declining to give either of the defendant's instructions. The judgment will be affirmed. All concur.