EVANGELINE STARBUCK, Respondent, v. B. C. AVERY, Appellant.

### Kansas City Court of Appeals, June 29, 1908.

1. **LANDLORD AND TENANT: Use and Occupation: Action: Contract: Evidence.** An action for use and occupation of premises must show that the relation of landlord and tenant exists which relation may arise by express or implied contract from slight evidence.

2. ———: ———: **Grantor and Grantee: Exhibition of Deed.** A grantee's warranty deed operates as an assignment of the grantor's landlord rights and if the tenant continues to occupy it is presumably under the tenancy and the grantee may maintain use and occupation for the rent unless there is express repudiation of the tenancy; and an exhibition of a deed under the statute only applies to actions for possession.

3. ———: ———: ———: **Repudiation.** The mere fact that the tenant may not recognize the tenancy while continuing the possession is immaterial since the occupation implies the holding under the tenancy of the grantee.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Halbert H. McCluer* for appellant.

(1) The court erred in admitting illegal and improper evidence over defendant's objection, viz.: Deed from W. B. Hoffman and wife to plaintiff. (2) Under the evidence the plaintiff was not entitled to recover, and the court erred in not so finding. Doyle v. O'Neil, 7 Mo. App. 138; Young v. Downey, 145 Mo. 261; Bank v. Aull, 80 Mo. 199; Hood v. Mathis, 21 Mo. 308; Edmondson v. Kite, 43 Mo. 176; Hunter v. Powers, 38 Mo. 353; Cohen v. Kyler, 27 Mo. 122. (3) Under the pleadings and evidence the plaintiff was not entitled to recover. Authorities under point 2; Edmunds v. Electric Co., 76 Mo. App. 618. (4) The judgment is not sup-

ported by the petition. Reed v. Crane, 89 Mo. App. 670; Cauthorn v. Berry, 69 Mo. App. 404; Grivin v. Refrig. Co., 66 Mo. App. 315; State ex rel. Snyder v. Davidson, 87 Mo. 683; Paulson v. Collier, 18 Mo. App. 583; Pope v. Salesman, 35 Mo. 362; Hayton v. Hope, 3 Mo. 53.

*Cook & Gossett* for respondent.

(1) The appellant being the tenant from month to month of plaintiff's grantor, Hoffman, the conveyance from Hoffman to respondent passed to the respondent all his rights as to the relation of landlord and tenant existing between him and the appellant. R. S. 1899, secs. 4113, 4126, 4598 (and by analogy see section 4136 as to landlord's summons action and 3353 as to unlawful detainer action and 4125 as to rent attachments). Doner v. Ingram, 119 Mo. App. 156; Tucker v. McClenny, 103 Mo. App. 322; Johnson v. Cook, 96 Mo. App. 446; Land Co. v. Manning, 98 Mo. App. 248; Stevenson v. Hancock, 72 Mo. 615; Sexton v. Hull, 45 Mo. App. 339. (2) It is always proper in a *quantum meruit* or action of that nature to allege a promise to pay plaintiff and the petition is ordinary and sufficient form in that respect. Proof of a debt to plaintiff maintains such allegation.

ELLISON, J.—This action is for rent for use and occupation of a house and lot in Kansas City. The plaintiff recovered in the trial court. It appears that one Hoffman owned the property and that defendant, in the year 1902, was occupying it as his tenant from month to month, at a rental of $27.50 per month. In September of that year Hoffman sold and conveyed the property to plaintiff by a general warranty deed. Defendant had paid the rent up to the first of November and of this plaintiff was advised when she purchased the property. Defendant continued to occupy the

property until April, 1903, without paying rent to anyone. The case was submitted to the trial court on three characters of proof. One was a written agreed statement of facts; one was the oral statements of the attorneys, agreed to be correct; and the other was evidence supplementing the facts agreed. The evidence, in view of admissions and concessions, was perhaps unnecessary.

Defendant's defense may be said to consist in his claim that the relation of landlord and tenant never existed between him and plaintiff, and that, hence, there could be no recovery for use and occupation. It is true that in order to succeed in an action for use and occupation you must show that the relation of landlord and tenant existed. [Young v. Downey, 145 Mo. 261; Edmondson v. Kite, 43 Mo. 176; Cohen v. Kyler, 27 Mo. 122; Doyle v. O'Neil, 7 Mo. App. 138.] But that relation may be brought about by express contract or it may arise from an implied contract. And the contract may be implied from slight evidence, as from a permissive holding. If a landlord rents or leases his real estate to a tenant who goes into possession under the terms of the letting, and afterwards the landlord conveys the land, the grantee knowing of the tenancy and the possession of the tenant, and the latter, knowing of the sale, continues to occupy the premises under the tenancy, the relation of landlord and tenant is thereby continued between the grantee and the tenant. And unless the facts of the case show that such tenant repudiated the tenancy under the grantee, his continued occupancy will raise the presumption that it is under the tenancy. The grantee's warranty deed received from his grantor operated as an assignment of whatever right the grantor had as landlord in the letting, and if the tenant continues to occupy under the tenancy the grantee may maintain his action for the rent under the original letting by the grantor. The

statute as to exhibition of deed (section 4137, Revised Statutes 1899) applies to actions for possession. It is not necessary in a mere action for rent. Neither is it necessary to such action that there be a formal attornment in affirmative words.

Applying the foregoing statements of the law to the facts of the case, we find it results in affirming the judgment. It is conceded that defendant knew of plaintiff's purchase of the property while he was occupying it as tenant, and it was distinctly stated to the trial court, and agreed to, that "under that tenancy, Avery, the defendant, continued to reside on the premises until April, 1903." Then it was further stated to the trial court that "there was no recognition of any tenancy between plaintiff and defendant, nor any attornment nor any payment of rent." This was repeated in the written statement of facts. The only interpretation which can be given to these statements is that defendant, with knowledge of plaintiff's purchase, continued to occupy as tenant under the original letting. It is a part of the admitted history of the case that he actually continued to occupy the property from November to April, with knowledge of plaintiff's purchase, and it was agreed at the trial that such occupancy was under the tenancy. That being true, his statement that he never recognized plaintiff as his landlord counts for nothing. She having purchased the property with his knowledge, and he continuing to occupy under the tenancy, was itself a recognition. He never repudiated the tenancy, nor did he repudiate the source from which he obtained his right to occupy. It is merely said that he never "recognized" plaintiff as his landlord.

The record presents a case for defendant which is clearly without merit. He has never paid rent for the premises; he knows, and has known, that plaintiff is

the owner, and, so far as the record discloses he has put her to the annoyance of this action without excuse or legal justification. But as the judgment appears to be for $16.50 in excess of the sum prayed for in the petition, and plaintiff offering to remit that sum, the judgment will be affirmed, less the remittitur. The cost of the appeal against the plaintiff. All concur.