GEORGE BARCLAY AND MEDA BARCLAY, RESPONDENTS, v. L. L. WYATT, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed February 20, 1929.

*Corpus Juris-Cyc References: Landlord and Tenant, 36CJ, section 1335, p. 419, n. 95; section 1867, p. 657, n. 99; section 1881, p. 662, n. 14.

*A. M. Baird* for appellant.

*T. E. Sinnard* and *A. G. Young* for respondents.

BAILEY, J.—This is an action arising under the landlord and tenant statutes in which plaintiffs secured a judgment of $125 for rent and defendant was allowed $49 on his counterclaim, before a jury. Defendant has appealed from the judgment.

This suit was commenced before a justice of the peace. The justice certified the case to the circuit court on the theory that title to real estate was involved. No such question arises, but the circuit court assumed jurisdiction and proceeded to try the case at the January term, 1928. No question of jurisdiction is raised. The petition on which the case went to trial is brief and, since it is attacked throughout these proceedings, will be set out in full. It reads as follows:

"George W. Barclay and Meda Barclay, his wife, being duly sworn upon their oaths say, that L. L. Wyatt now occupies as tenant the following described premises, to-wit: (lengthy metes and bounds description omitted herein) in the Township of Mineral in Jasper county and State of Missouri, and that said premises were leased to the said L. L. Wyatt, October 30, 1926, by Hal Onstott former owner of the property, for a period of one year, at $250 per year, with the privilege of re-leasing for another year at the same rent; that said L. L. Wyatt elected to hold said premises for another year; that George W. Barclay and Meda Barclay, his wife, purchased said property above described from Hal Onstott and are now the owners of same and that said L. L. Wyatt now owes rent from November 1, 1927, to May 1, 1928, in the sum of $125 as provided in said lease, that same has been demanded of said L. L. Wyatt and payment has not been made.

"GEORGE BARCLAY,

"MEDA BARCLAY.

"Subscribed and sworn to before me this 19th day of December, 1927. My term ends February 18, 1931.

"THEODORE E. SINNARD,

"NOTARY PUBLIC."

Defendant first filed an answer, set-off and counterclaim to this petition. On motion of plaintiffs' this answer was stricken out. Thereafter defendant filed a demurrer to the petition setting up the ground that it failed to state a cause of action. The demurrer was overruled. Thereupon defendant filed an amended answer admitting that he had leased the premises in question from Hal Onstott by written lease and denying generally all other allegations. For a set-off and counterclaim defendant further alleged he was damaged by reason

of Onstott's failure to keep the terms of the lease and in particular his failure to repair poultry houses so as to make the premises suitable as a chicken farm for which purpose, it was alleged, the farm had been rented. The answer further set up that plaintiffs had filed an unlawful detainer suit against defendant, wrongfully and without probable cause, putting defendant to great expense, for which damages are claimed. The portion of defendant's answer relating to the unlawful detainer suit was, on motion, stricken out.

It is urged that plaintiffs were not entitled to recover for rent under their petition. We have in this State a statute which permits a landlord to recover possession of premises for rent in arrears, in which action he may also recover his debt for the amount of rent then due. [Secs. 6901-6903, R. S. 1919.] In this action he is required to allege (1) the terms on which the property is rented and (2) the amount of rent due; (3) that same has been demanded of tenant and payment has not been made; (4) a particular description of the property rented. The petition in this case contains all the foregoing allegations. However, the petition also shows on its face, that plaintiffs were not the original lessors of the land but acquired title thereto after the aforesaid lease was made and after defendant had entered into possession of the premises. It has been held that, in order for a purchaser to recover rent and possession of land under this section, he must, in addition to the formal averments required by the statute, allege facts "from which the relation of landlord and tenant could have been inferred." [Duke v. Compton, 49 Mo. App. 304, l. c. 310.] In other words, a purchaser of leased premises must allege and prove an attornment to him by the tenant before he may recover rent under section 6901. If the tenant refuse to pay rent or attorn to the purchaser of the reversion, he has a remedy under sections 6906-6908 Revised Statutes 1919; but under such circumstances he may recover possession only. [Anselmn v. Groby, 62 Mo. App. 421; Winkelmeier v. Katzelburger, 77 Mo. App. 117.]

It was said in the Duke case (supra), in referring to the two remedies above noted, that, "The two actions are separate and distinct; they require different averment and different proof, and a plaintiff cannot recover under the one action or the other as his evidence may warrant." This rule has been consistently adhered to and, in so far as we have been enabled to discover, has never been questioned. In the case at bar the petition stated every fact necessary to a cause of action under sections 6907-6908 . (supra), but failed to state a cause of action under section 6901 (supra), in that no contractual relationship is set up nor any facts alleged from which an attornment might be inferred. A defect of this character cannot be waived by answer. [Cruender v. Frank, 186 S. W. 1004, 267 Mo.

713; State ex rel. Peet v. Ellison, 196 S. W. 1103; Johnson v. Crowley, 207 S. W. 235; Wilson v. Schaff, 207 S. W. 845.] It is therefore our opinion that plaintiffs' petition stated a cause of action for possession only and that they were not entitled to recover for rent in this case.

Plaintiffs offered evidence, over defendant's objection, tending to prove a payment of rent by defendant to plaintiffs. Such payment would, of course, constitute a recognition of plaintiffs' right as landlord and would constitute an attornment. Under the petition, however, this evidence was inadmissible.

It follows that defendant is not entitled, in this action, to recover anything on his counterclaim. He cannot take advantage of plaintiffs failure to allege a cause of action for rent based on the contractual relationship of landlord and tenant, and then recover on his counterclaim, which must necessarily be bottomed on privity of contract. It would be an anomaly in the law to permit defendant to assume on the one hand that no contractual relationship existed and yet hold plaintiff to the terms of a lease, the basis of his counterclaim.

It seems unnecessary to consider other errors alleged. Plaintiffs are not barred by this action from a further suit to collect their rents if any be due them. [Shields v. Stillman, 48 Mo. 82; Starbuck v. Alvery, 132 Mo. App. 542, 112 S. W. 33; McDonald v. May; 96 Mo. App. 236, 69 S. W. 1059.] We do not care to decide questions relative to the court's action in striking out a part of defendant's counterclaim until that question may come before us in a proper suit.

The pleadings and evidence in this case clearly show plaintiffs entitled to judgment for possession only. It follows that this judgment should be reversed and remanded with directions to enter judgment for plaintiffs for possession only of the premises described in plaintiffs' petition and that defendant's counterclaim be dismissed. It is so ordered. *Cox, P. J.,* concurs; *Smith, J.,* not sitting.