JOHN ADAMS, Defendant in Error, *v.* FREDERICK BLECKER, Plaintiff in Error.

*Jurisdiction.*—An appeal from a justice of the peace in St. Louis county, in an action for rent, is properly taken to the Law Commissioner's Court.
*Action.*—An action for rent is a personal not a real action.

*Error to St. Louis Law Commissioner's Court.*

*Colman,* for plaintiff in error.

I. The appeal was properly taken to the Law Commission-

er's Court instead of the Land Court, and the Law Commissioner's Court erred in dismissing the appeal for want of jurisdiction, and this entirely independent of the act of February 18, 1859. (Acts, 1859, p. 457, § 4.)

II. The action was an attachment for rent, and was not in any manner an action or proceeding relating "to land or any interest, claim or right therein," and appeals " in such cases, and such only," were authorized to be taken " to the St. Louis Land Court." (R. C. 1855, p. 1592, § 13.) Rent, or an action for the recovery thereof, is not an action or proceeding relating to land, and although rent is an interest, right or claim growing out of, or arising from land, it is not an " interest, claim or right" in the land. Rent is a certain profit in money, provisions, chattels or labor issuing out of lands and tenements in retribution for the use. ( 2 Bouvier's Law Dict., p. 434; 2 Burrill's Law Dict., p. 883.)

III. But independent of this question, this court decided this precise question in an application for a mandamus to compel the Law Commissioner's Court to reinstate the case upon its docket. (Blecker v. St. Louis Law Commissioner, 30 Mo. 111–12.)

IV. This court did not then determine this question upon the law governing the Land Court, but took the ground that whatever may have been the extent of the exclusive jurisdiction of the Land Court prior to the act of 18th February, 1859, " the passage of that act has materially changed both the original and appellate jurisdiction of that court."

*Wm. J. Martin,* for defendant in error.

DRYDEN, Judge, delivered the opinion of the court.

The plaintiff sued the defendant before a justice of the peace on an account for rent due. Judgment having been rendered by the justice against the defendant, he appealed to the Law Commissioner's Court, where, on motion of the plaintiff, the appeal was dismissed because of the supposed want of jurisdiction of the last named court, and the defendant brings the case here by writ of error.

The only question decided by the lower court, and therefore the only one for review in this, is the question of jurisdiction, and this turns upon whether an action for rent is an action "relating to land, or any interest, claim or right therein." (R. C. 1855, p. 1592, § 3.) If it is, then the Land Court was the forum having jurisdiction of the appeal, otherwise the appeal lay to the Law Commissioner's Court. Rent is an incorporeal hereditament issuing out of land, (2 Bl. Com. 41,) but is not land itself, nor any interest, claim or right therein. An action for a money rent is a purely personal action as contradistinguished from real and mixed actions, differing in nothing from an action for any other money demand arising out of contract.

The lower court therefore erred in dismissing the appeal, and for this cause its judgment is reversed and the cause remanded. The other judges concur.