MORRIS D. HELTZELL, Respondent, v. WILLIAM R. HYNES et al., Appellants.

1. *Mechanic's Lien—Notice—Pleading.*—A petition under a mechanic's lien filed by a sub-contractor, under the special act for St. Louis county (Acts 1857, p. 668, § 18), must show that the sub-contractor gave notice to the owner at least ten days before the filing of the lien. Where the petition showed upon its face that only eight days' notice was given to the owner, the defect is fatal, and the judgment should be arrested. (Schubert v. Crowley, 33 Mo. 564, affirmed.)

2. *Mechanic's Lien—Practice.*—In a suit upon a mechanic's lien by a sub-contractor, a general judgment for the debt against the owner of the property is erroneous.

*Appeal from St. Louis Law Commissioner's Court.*

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by the sub-contractor against the contractor and the owner, to enforce a mechanic's lien against a house in St. Louis, under the mechanics' lien law applicable to St. Louis county. (Sess. Acts. 1857, p. 668.) It appears from the petition that there was an interval of eight days only between the notice of claim given by the plaintiff to Hynes the owner, and the filing of the lien in the Land Court, whereas the act (§ 18) expressly requires ten days' notice before filing. The objection was taken by motion in arrest, but was overruled by the court below. In Schubert v. Crowley, 33 Mo. 564, the same question was considered by this court, where it was held the objection was well taken.

The court below further erred in giving a general judgment for the debt against both the contractor and the owner. There is no pretence in the petition for charging Hynes, the owner, personally with the debt. The petition sought not to charge him but his property. There was therefore no foundation for the judgment as against him, and it ought to have been arrested. (Walkenhorst v. Coste et al., 33 Mo. 403.)

The judgment will be reversed; and, as it may be possible the facts of the case may justify an amendment of the petition so as to show sufficient notice of claim, the cause will be remanded; Judge Bay concurring.