**Billie COOPER and Patricia Cooper, Plaintiffs–Respondents,**

v.

**Gerald RATLEY and Loretta Ratley, Defendants–Appellants.**

**No. 20305.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 23, 1996.

Guy H. Richardson, Poplar Bluff, for appellants.

No appearance for respondents.

PARRISH, Judge.

Gerald Ratley and Loretta Ratley (defendants) appeal a judgment for past-due rent contending that they owe no rent to Billie Cooper and Patricia Cooper (plaintiffs) because no attornment agreement was made after plaintiffs purchased the property where defendants resided. This court affirms.

Defendants lived in a house in Ripley County that they rented from Brian McClin-tock and Shelly McClintock. They occupied the residence on the basis of a month-to-month rental agreement. McClintocks advised defendants that the property on which the residence was situated was being offered for sale; that if it sold, defendants would have to move out in 30 to 60 days.

McClintocks sold the property to plaintiffs on November 3, 1994. Defendants learned of the sale on November 7. On December 3 defendants found a letter from plaintiffs on their carport. The letter told defendants they owed rent and that plaintiffs wanted them out of the property. Defendants moved from the house December 10, 1994. They paid no rent for the time they occupied the house while plaintiffs owned it.

Plaintiffs brought this action to recover rent they contend defendants owed for the time they occupied the house after it was purchased by plaintiffs. The trial court awarded judgment for plaintiffs in the amount of $300.

Defendants contend the trial court erred in entering judgment for rent. They claim that since they were leaseholders at the time plaintiffs acquired the property, they had no obligation to pay rent to plaintiffs because there was no attornment. They rely on *Goffstein v. Euge*, 388 S.W.2d 62 (Mo.App.1965).

*Goffstein* was an action for recovery of possession of real estate. It was brought by the purchaser of leased property pursuant to § 535.070, RSMo 1959.[1] It did not seek recovery of rent, only possession of the leased property.

*Goffstein* explains the relief available to a purchaser of leased property under § 535.070. Section 535.070 permits recovery of possession of the property. It does not provide for recovery of delinquent rent.[2]

■ *Goffstein* points out that a purchaser of leased property can recover delinquent

---

1. The language of the 1994 revision of § 535.070 is the same as the 1959 revision of the statute.

2. § 535.070, RSMo 1994, states:

   If any person purchase lands or tenements occupied at the time of such purchase by any tenant, lessee or sublessee, who shall, at any time thereafter, fail to pay rent to such purchaser, the person purchasing such property shall have the right, upon such failure, to commence proceedings ... *to recover possession,* as above provided. [Emphasis added.]

rent under chapter 535 if there has been "attornment." Attornment is the means by which a person holding a leasehold interest in real estate "agrees to become the tenant of a purchaser who has acquired the fee in the land, or the remainder or reversion, or the right to the rent or services by which the tenant holds." *Id.* at 67. If this occurs, there is a new agreement pursuant to which the purchaser of the property may seek recovery as the original lessor. Section 535.040, RSMo 1994, permits recovery by an original lessor of "possession of the premises so rented or leased, and also his debt for the amount of the rent then due, . . . ." *See also Bess v. Griffin,* 234 S.W.2d 978, 980 (Mo.App. 1950), and *Barclay v. Wyatt,* 223 Mo.App. 1022, 14 S.W.2d 44, 45 (1929).

■ Defendants' reliance on *Goffstein* is, however, misplaced. Plaintiffs did not seek relief by means of remedies provided by chapter 535. Their action is a claim for unpaid rent, not one for possession of property or for possession of property and "debt for the amount of the rent then due." § 535.040, RSMo 1994.

"An action for a money rent is a purely personal action as contradistinguished from real and mixed actions, differing in nothing from an action for any other money demand arising out of contract." *Adams v. Blecker,* 33 Mo. 403, 405 (1863); *see also* 52 C.J.S. *Landlord and Tenant* § 552 (1968).

■ A covenant to pay rent runs with the land. *Norman v. Key,* 222 S.W. 499, 500 (Mo.App.1920). McClintocks' conveyance of real estate to plaintiffs was a conveyance of the remainder interest in the property defendants leased.[3] An incident of the conveyance was assignment of the right to sue for unpaid rent. "No formal attornment of the tenant to the purchaser of land or renewal of the rental contract is required, since the covenant to pay rent runs with the land, and an assignment of the reversion carries the right

to the assignee to sue for the rent." *Id.,* citing *McDonald v. May,* 96 Mo.App. 236, 69 S.W. 1059, 1061 (1902), and *Bradford v. Tilly,* 65 Mo.App. 181, 184 (1896).

"Grants of rents, or of reversions or remainders, shall be good and effectual without attornment of the tenants; but no tenant, who before notice of the grant shall have paid the rent to the grantor, shall suffer any damage thereby." § 441.140, RSMo 1994. Defendants do not contend they paid the rent to McClintocks that plaintiffs seek to recover by this action. The judgment is affirmed.

PREWITT, P.J., and CROW, J., concur.

---

**3.** Cases and treatises frequently describe a conveyance of real estate subject to a leasehold estate as a conveyance of a "remainder" interest, notwithstanding that fee simple title is what is conveyed. McClintocks conveyed fee simple title to plaintiffs.