**Gamal ANANI and Judy Anani,
Plaintiffs/Respondents,**

v.

**Mark GRIEP, Defendant,**

**Colt Industries, Inc.,
Garnishee/Appellant.**

No. ED 99158.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 6, 2013.

Thomas Stewart, Sarah Kuehnel, co-council, Clayton, MO, for Appellant.

Timothy Philipp, Christopher Basler, co-council, Bridgeton, MO, for Respondent.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Colt Industries, Inc. ("Employer") appeals the judgment of the Circuit Court granting Gamal and Judy Anani's ("Garnishors") motion for judgment against Employer as garnishee. The court held Employer liable to Garnishors for failing to garnish twenty-five percent of Mark Griep's ("Employee") earnings. Employer contends the lower court erred in entering judgment against it and failing to award it costs and attorney's fees, because Employer properly garnished ten percent of Employee's earnings under the head of family exemption pursuant to section 525.030 RSMo 2000.[1] We reverse the trial court's judgment against Employer, and remand for a determination of Employer's costs and attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2007, the trial court entered judgment against Employee, awarding $6,984 to Garnishors. To collect on the judgment, Garnishors, on January 18, 2011, served Employer with a writ of garnishment and accompanying interrogatories. Employer notified Employee of the writ and Employee orally informed Employer he wished to claim the head of family exemption. Thereafter, Employer answered the interrogatories and withheld ten percent of Employee's 1099 earnings.

Garnishors timely filed exceptions to Employer's answers and a motion for judgment against garnishee. In their motion, Garnishors argued that absent written verification of Employee's exempt status, Employer should withhold twenty-five percent of Employee's 1099 earnings, rather than ten percent. Garnishors requested judgment against Employer for the dif-

---

1. Unless otherwise indicated, all further statu-    tory references are to RSMo 2000.

ference, or $3,996, plus attorney's fees and costs. Employer filed a response in opposition to Garnishors' motion, arguing that under section 525.030 and Rule 90.15, it was not required to obtain written verification of Employee's head of family status before withholding ten percent of Employee's earnings because it knew of Employee's head of family status and Employee affirmatively claimed the exemption. Employer further requested attorney's fees and costs under Rule 90.12(b).

On October 11, 2012, the trial court called, heard and considered Garnishors' motion and Employer's response. The court granted Garnishors' motion for judgment and held Employer jointly and severally liable with Employee for the difference between the amount Employer withheld and the amount Garnishors claimed should have been withheld, or $3,996. Employer's appeal follows. While this appeal was pending, Employer filed a motion for attorney's fees pursuant to Rule 84.21. Employer's motion was taken with the case and is addressed herein.

## DISCUSSION

■ Employer's Point II is dispositive of this appeal; therefore we address it first. Employer contends the trial court erred in granting Garnishors' motion for judgment because Employer properly withheld ten percent of Employee's earnings under the head of family exemption. Specifically, Employer contends Employee affirmatively claimed the head of family exemption pursuant to Rule 90.15 and section 525.030 and Employer was not re-quired to obtain written verification of such exemption. We agree.

We review de novo matters of statutory interpretation and the application of the statute to undisputed facts. *State v. Andrews*, 329 S.W.3d 369, 371 (Mo. banc 2010).

"A garnishment proceeding is governed generally by chapter 525 and Rule 90." *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 53 (Mo. banc 2009) (quoting *State ex rel. Eagle Bank & Trust Co. v. Corcoran*, 659 S.W.2d 775, 777 (Mo. banc 1983)). Section 525.010 recognizes that any persons who are "named as garnishees in the writ, or have in their possession goods, moneys or effects of the defendant not actually seized by the officer" may be summoned as a garnishee. Once summoned by a writ of garnishment, a garnishee must withhold "any wages in excess of the amounts prescribed in subsection 2 of section 525.030." Rule 90.15. Subsection 2 of section 525.030 states the scope of a garnishment in most circumstances is limited to twenty-five percent of a debtor's earnings or "if the employee is the head of a family and a resident of this state, ten percentum, whichever is less."

Here, Employer was summoned as a garnishee under section 525.010. Employee informed Employer he wished to claim the head of family exemption.[2] Employer then withheld ten percent of Employee's earnings under the head of family exemption rate recognized in section 525.030, rather than the higher rate of twenty-five percent.

Garnishors contend written verification is required for Employee to properly claim the head of family exemption. Neither

---

**2.** Employer's controller, John Bowman, transcribed contemporaneous notes at the time Employee claimed the exemption. In response to Garnishors' motion for judgment, Employer submitted this note to the court under the business records exception to the hearsay rule. The note read: "Talked to Mark Griep [sic] he said he was head of household."

section 525.030 nor Rule 90.15 requires a garnishee to obtain written verification of head of family exemption status. Nevertheless, Garnishors point to language found in section 513.445 and Rule 76.075 to support this proposition.

Section 513.445 appears within chapter 513, which provides for the execution of judgments in general. *See* § 513.015. Rule 76.075 contains identical language to section 513.445, which states, in relevant part, that if a debtor wishes to claim an exemption on property seized by a levying officer, the debtor may do so "by filing a verified request with the levying officer within twenty days after notice of the levy." § 513.445; Rule 76.075. Although a "levying officer" is not defined within chapter 513 or Rule 76, section 513.025 and 513.040 both recognize that a sheriff or deputy may act as a levying officer. Section 525.010 also distinguishes between levying officers and garnishees.

■■■ "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *City of Willow Springs v. Mo. State Librarian,* 596 S.W.2d 441, 445 (Mo. banc 1980); *see also State v. Horn,* 384 S.W.3d 338, 341 (Mo. App.E.D.2012). When the words are clear there is nothing for us to construe beyond applying the plain meaning of the language found therein. *State v. Rowe,* 63 S.W.3d 647, 649 (Mo. banc 2002). If a phrase or term is included in one section of a statute but the same language is omitted from another, we presume that the disparate language was enacted purposefully. *See Midwest Gas User's Association v. Public Serv. Comm'n,* 996 S.W.2d 608, 616 (Mo. App.W.D.1999). Furthermore, "[p]rovisions not plainly written in the law, or necessarily implied from what is written,

should not be added by a court under the guise of construction to accomplish an end the court deems beneficial." *Harrison v. MFA Mut. Ins. Co.,* 607 S.W.2d 137, 143 (Mo. banc 1980).

■■ Here, section 513.445 and Rule 76.075, state a debtor may file a verified request for exemption with a levying officer, but omit any reference to garnishees. Conversely, section 525.030, the provision applying to rates of garnishment, does not include language requiring the filing of "a verified request" in order for the head of family exemption to apply. *See* § 525.030. Rather, section 525.030 simply states that ninety percent of a debtor's earnings are exempt from garnishment if the debtor is the head of a family and resident of Missouri. There is no mention at all in chapter 525 of a debtor's need to file a verified request with a garnishee. When a statute identifies specific persons affected or directs the performance of certain things by a particular class of persons, it is to be construed as excluding all those persons not expressly mentioned. *Parvey v. Humane Soc. of Mo.,* 343 S.W.2d 678, (Mo. App.1961).

We therefore conclude that the legislature did not intend to require a garnishee to obtain written verification of a debtor's head of family status because section 525.010 distinguishes between a levying officer and garnishee. Section 525.030 mandates the head of family exemption should be applied to garnishments but does not include any language requiring written verification of a debtor's head of family status. Furthermore, section 513.445 and Rule 76.075 set forth requirements applicable solely to levying officers. Here, because Employer was summoned as a garnishee and withheld Employee's earnings pursuant to section 525.030, it was not required to obtain a verified request for exemption from Employee. Accordingly,

we reverse the trial court's judgment in favor of Garnishors. Point granted.

■ Employer further contends it is entitled to costs and attorney's fees under Rule 90.12. We agree.

Pursuant to Rule 90.12, a garnishee is entitled to costs and attorney's fees:

> If the garnishor files exceptions to the garnishee's interrogatory answers but does not obtain a judgment against the garnishee ... The court in such a case shall render judgment in favor of the garnishee and against the garnishor for an amount sufficient to indemnify the garnishee for time and expenses, including attorney's fees.

Rule 90.12; *See A & L Underground, Inc. v. Leigh Const., Inc.*, 162 S.W.3d 509, 511 (Mo.App.W.D.2005) ("Rule 90.12(b) is not discretionary."). Because we reverse as to Employer's second point, under Rule 90.12, we necessarily find that the trial court erred in failing to award to Employer costs and attorney's fees incurred at trial. Point granted.

Finally, Employer has filed a motion pursuant to Rule 84.21 for allowance of costs and expenses incurred in this appeal. Garnishors have not filed a response to that motion. Rules 90.12(c) and 84.21 require Garnishors to reimburse Employer for costs incurred in this appeal. Accordingly, Employer's motion is granted and Garnishors are ordered to pay Employer its reasonable costs and attorney's fees incurred on appeal.

## CONCLUSION

The judgment of the trial court is reversed. The case is remanded to the trial court for entry of judgment in favor of Employer in such amount as the court deems just and reasonable for attorneys' fees and costs incurred in defending this action in both the trial court and in this appeal.

KATHIANNE KNAUP CRANE, P.J. and MARY K. HOFF, J., concur.