

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| INVESTORS ALLIANCE, LLC, | ) | No. ED99804 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| INEZ BORDEAUX, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed: April 15, 2014 |

## I. Introduction

In this rent and possession case, Inez Bordeaux (Defendant) appeals the judgment of the Circuit Court of the City of St. Louis following a trial de novo in favor of Investors Alliance, LLC (Plaintiff) for unpaid rent pursuant to § 535.070.[1]  Defendant's sole point is that the trial court erred by entering judgment in Plaintiff's favor because Plaintiff failed to provide Defendant with notice of the property's transfer of ownership, which is "a statutory prerequisite to recovery," and therefore Plaintiff was not entitled to recover the unpaid rent.  We reverse the judgment of the circuit court and remand for entry of a judgment in Defendant's favor.

---

[1] All statutory references are to the Revised Missouri Statutes 2000, as supplemented, unless otherwise indicated.

## II. Factual Background

On November 18, 2011, Defendant signed a lease for certain residential property located in St. Louis City and began residing at the property. The lease's duration was for approximately one year and it required Defendant to pay $750 per month in rent. At the time of the lease's execution, Lucio Santiseban owned the property and Baybridge managed the property. The lease required Defendant to remit rent to Baybridge.

Unbeknownst to Defendant, Santiseban sold the property to Bhavin Shah on November 30, 2011, 12 days after the lease's execution. According to Defendant, she never received "any notice" of the property's transfer of ownership. During the lease, Defendant stopped paying rent because of maintenance issues.

In June 2012, Defendant received a letter notifying her that Plaintiff would be managing the property and that all rent should be remitted to Plaintiff. Defendant did not pay rent to Plaintiff for the months of June, July, August, September, October, or November 2012. Nor did Defendant remit any rent to Baybridge for those months.

In August 2012, Plaintiff, acting as Shah's agent, filed a petition for rent and possession under §§ 535.010 and 535.020, which permit a landlord to recover possession of the premises and any unpaid rent. Subsequently, an associate circuit judge entered an order entitling Plaintiff to recover possession of the premises and awarding Plaintiff $6,200 in unpaid rent, late fees, and attorney fees.

Defendant timely filed a petition for a trial de novo.[2]  At the hearing, Defendant asserted that Plaintiff was not entitled to recover rent because Plaintiff had failed to provide Defendant with notice of the property's transfer of ownership, as required by § 535.081.  In response, Plaintiff argued that notice is not a required element of proof under § 535.090 and, therefore, Plaintiff was entitled to the recovery of rent under § 535.070.[3]  Plaintiff did not assert that it provided Defendant with the notice required under § 535.081.

Thereafter, the trial court issued a written judgment in Plaintiff's favor.  The trial court found that Plaintiff did not provide Defendant "adequate and timely notice" consistent with § 535.081.  However, the trial court concluded that the statute did not preclude Plaintiff's recovery of the unpaid rent because notice is not an element of a claim for rent under § 535.090 and the covenant to pay rent runs with the land under *Cooper v. Ratley*, 916 S.W.2d 868 (Mo. App. S.D. 1996).  The trial court explained, in pertinent part:

> Section 535.090 RSMo. contains the pleading requirements for a rent and possession action by a purchaser, and states that if such requirements are met, "the plaintiff shall be entitled to recover possession and unpaid rent accruing after the transfer and while the tenant was in possession."  Notice pursuant to Section 535.081 RSMo. is not an element of the landlord's claim.
>
> It appears that the only real consequence of not providing the notice as set forth in Section 535.081 RSMo. is that the tenant may not know to whom to

---

[2] Before the trial de novo hearing, the sheriff executed an order of eviction and Defendant was evicted from the premises on November 14, 2012.

[3] Sections 535.070, 535.081, and 535.090 are applicable when a purchaser of property subject to a lease, like Shah, seeks to recover rent and possession.  Presumably, Plaintiff was permitted to amend its claim for rent and possession to seek relief under the applicable provisions.  *See* § 512.300 (permitting amendment upon a trial de novo when "substantial justice" is promoted).

pay the rent, and may pay the rent to the wrong party . . . . Because of [sic] the covenant to pay rent runs with the land, the tenant would not be relieved of the obligation to pay rent by the failure of the landlord to provide the notice as set out in Section 535.081.

The trial court's judgment awarded Plaintiff $4,100 in rent and additional costs.[4] Defendant appeals.

## III. Standard of Review

Defendant's sole point raises an issue of statutory construction, which is an issue that we review de novo. *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 497 (Mo. App. W.D. 2010). Further, because the judgment appealed stems from a court-tried case, our review is also controlled by Rule 84.13(d) and the principles articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Wedgewood Square Ctr Ltd. P'ship v. Stewart Title Guar. Co.*, 347 S.W.3d 582, 585 (Mo. App. S.D. 2011). Accordingly, we must affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Kavanaugh v. Ealy*, 364 S.W.3d 759, 761 (Mo. App. E.D. 2012).

## IV. Discussion

In her point, Defendant asserts that Plaintiff is not entitled to recover rent under § 535.070 because Plaintiff failed to provide statutory notice of the property's transfer of ownership under § 535.081, which Defendant argues is a "statutory prerequisite to recovery." Defendant asserts that the plain language of § 535.081 limits a purchaser's right to recover rent to those instances in which the purchaser provides "adequate and

---

[4] The $2,400 difference between the trial court's judgment and the prior judgment reflects the amount of rent Defendant allegedly failed to remit to Baybridge.

4

timely notice" of transfer of ownership and that a purchaser's failure to provide the required notice precludes the right to recover rent under § 535.070. According to Defendant, the trial court's contrary interpretation ignored the plain language of § 535.081 and wrongly relied on *Cooper*. Plaintiff responds, consistent with the trial court's interpretation of the statute, that the notice referred to in § 535.081 is not a "required element" of proof under § 535.090.

Initially, we note that no binding Missouri case has applied, or interpreted the meaning of § 535.081. Thus, to determine whether the trial court properly interpreted the statute, we must analyze the language of the relevant provisions. Our primary goal in construing statutory language is to discern the legislature's intent. *Anani v. Griep*, 406 S.W.3d 479, 482 (Mo. App. E.D. 2013). The best indicator of that intent is the plain and ordinary meaning of the language used. *Id*. The Court must view the language in context, giving each word its commonly understood meaning, unless otherwise defined. *Garland v. Director of Revenue*, 961 S.W.2d 824, 827 (Mo. banc 1998). In the absence of statutory definitions, we may rely on dictionary definitions to determine the meaning of the language used. *Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc 2008). Statutes on the same subject are read *in pari materia* and should be construed harmoniously. *South Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009). When the language is clear and unambiguous, judicial construction of the language used is not permitted and this Court must apply the language as written. *Anani*, 406 S.W.3d at 482; *City of Wellston v. SBC Communications, Inc.*, 203 S.W.3d 189, 192 (Mo. banc 2006). Further, this Court should avoid an interpretation

5

that renders meaningless any portion of the statutory language. *White v. White*, 293 S.W.3d 1, 9 (Mo. App. W.D. 2009).

Section 535.081, which is at the center of this dispute, is contained in Chapter 535. Generally, Chapter 535 provides landlords an efficient statutory remedy to collect past-due rents and regain possession of leased property through procedures established to achieve this purpose. Section 535.081 and its related provisions, §§ 535.070 and 535.090, are applicable when an owner sells leased property, the tenant fails to pay rent to the purchaser of the property, and the purchaser seeks to recover rent and possession from the tenant, as in the present case. Our analysis begins with the language of these provisions.

## A. *The Statutory Language*

Section 535.070 grants a purchaser of leased property the right to rent and possession of the real property in the event the tenant fails to pay rent. That provision provides:

> If any person purchases lands or tenements occupied at the time of such purchase by any tenant, lessee or sublessee, who shall, at any time thereafter, fail to pay rent to such purchaser, the person purchasing such property shall have the right, upon such failure, to commence proceedings before an associate circuit judge to recover rent and possession, under the terms of the prior owner's lease, for unpaid rent accruing after the transfer of title. . . . . *The provisions of . . . this Chapter shall apply.* (Emphasis added).

Section 535.081 "requires" a purchaser to provide "adequate and timely notice" of the property's transfer of ownership "to recover rents" under § 535.070. Section 535.081 states:

6

*The right of a successor in title to recover rents pursuant to section 535.070 requires adequate and timely notice to the tenant.* Except in counties of the first classification as determined pursuant to section 48.020, for the purposes of this section, "adequate and timely notice" means that *the purchaser shall notify tenants in writing of the fact that title to the property has been transferred*, and of the means of the transfer and the date of the transfer and the notice shall be attached to a copy of the deed which has been recorded. In counties of the first classification as determined pursuant to section 48.020, in lieu of a copy of the deed which has been recorded, *the notice required by this section may be attached to a notarized affidavit executed by both the prior owner of the property and the successor in title, which notarized affidavit shall state that the property has been transferred to the successor in title and the date on which the transfer occurred.* (Emphasis added.[5])

Section 535.090 sets forth the elements of proof to be included in the purchaser's verified complaint for rent and possession. This provision states:

> It shall be sufficient for such person purchasing lands or tenements to file a complaint, *pursuant to section 535.070*, verified by affidavit, stating by whom the premises were leased or rented, and the terms of such lease or renting, and how such person claims title to the lands or tenements; and upon the trial of the cause, if the plaintiff shows that the party in possession, or those under whom the party in possession claims, rented or leased from a party claiming title to the premises by deed, and that the plaintiff has acquired the title of the original lessor or landlord, by a deed or deeds, regularly acknowledged, the plaintiff shall be entitled to recover possession and unpaid rent accruing after the transfer and while the tenant was in possession. (Emphasis added.)

Under this provision, a purchaser's verified complaint must include: (1) by whom the premises were leased or rented; (2) the terms of the lease or renting; and (3) how that person claims title to the tenement; as well as (4) the party in possession rented from a party claiming title to the premises by deed; and (5) that the plaintiff has acquired title of the original lessor by deed or deeds.

---

[5] The leased property in this case is within a first classification county.

Addressing first § 535.081, we note that its language is mandatory. This section provides that a purchaser's "right to recover rents pursuant to [§] 535.070 *requires* adequate and timely notice" consistent with the requirements of § 535.081. The term "requires," giving it its plain and ordinary meaning, means "to impose an obligation [or] demand," or "to order . . . to do something." Random House Webster's College Dictionary (2d ed. 1997). Notably, the term "requires" qualifies the "right to recover rents" under § 535.070, thereby making the purchaser's right to rent contingent upon the provision of "adequate and timely notice." Section 535.081 defines "adequate and timely notice" to mean that "the purchaser *shall* notify tenants in writing of the fact that title to the property has been transferred, and of the means of the transfer and of the date of the transfer . . . ." The legislature's use of the term "shall," like the word "requires," connotes a "mandatory duty" and indicates that the notice must be provided in the manner prescribed. *See St. Louis Police Officers' Ass'n v. Bd. of Police Comm'rs*, 259 S.W.3d 526, 528 (Mo. banc 2008) ("[U]se of the word 'shall' connotes a mandatory duty.").

In sum, the legislature's use of the terms, "requires" and "shall," indicates a clear intent that, in order to recover rent under § 535.070, notice of transfer of ownership must be provided and that notice must also necessarily comply with the specifications set forth in § 535.081.[6] The implication of this mandatory language is that a purchaser's noncompliance with § 535.081, if established, operates to extinguish the right to recover rent under § 535.070. Accordingly, we hold that in a rent and possession case pursued

---

[6] By its plain language, § 535.081 only limits the right to recover rent under § 535.070, *not possession*.

under § 535.070, the notice prescribed in § 535.081 is mandatory and a purchaser's right to recover rent under § 535.070 is contingent upon the purchaser's compliance with the obligatory notice requirements of § 535.081.[7]

Our conclusion finds additional support in the language of § 535.070 and § 535.090, the other provisions applicable to a purchaser's rent and possession claim. Section 535.070 expressly states that the provisions of Chapter 535, and consequently § 535.081, "shall" apply to a purchaser's action for rent and possession. Moreover, § 535.090, which articulates the factual allegations necessary for a purchaser to state a claim for rent and possession, specifically references § 535.070. In turn, § 535.081 is subsumed by § 535.070, by its reference to § 535.070, meaning that § 535.090's reference to § 535.070 also incorporates § 535.081. Nothing in these provisions obviates the mandatory notice requirements of § 535.081. Instead, when we read these provisions *in pari materia* and in harmony with § 535.081, it is clear that they incorporate and are consistent with § 535.081's mandatory notice requirement. *See South Metro. Fire Prot. Dist.*, 278 S.W.3d at 666 (statutes should be harmonized to avoid conflict).

### B. *Plaintiff's Argument & The Trial Court's Decision*

Nonetheless, Plaintiff asserts that because "adequate and timely notice" is not a required element of proof under § 535.090, the failure to provide notice to Defendant is not fatal to Plaintiff's claim. We agree with Plaintiff that notice is not an element of proof under § 535.090. Section 535.090 clearly sets forth the factual allegations that are

---

[7] Consistent with our holding, the Landlord-Tenant Handbook of the Missouri Practice Series recognizes that "[f]ailing to follow the requirements of . . . § 535.081 may preclude a landlord from recovering rent in a Chapter 535 rent and possession case." *See* 36 Pansing Brown, Jane, Missouri Practice Series: Landlord-Tenant Handbook § 6:14 (2013-14 ed.).

sufficient to state a claim under § 535.070 and "adequate and timely notice" pursuant to § 535.081 is *not* an included allegation.

That notice is not an element under § 535.090, however, does not lead to the conclusion that failure to comply with § 535.081, if established, has no effect on a purchaser's claim for rent under § 535.070. Such an interpretation, as advanced by Plaintiff and adopted by the trial court, is contrary to established rules of statutory construction because it reads § 535.090 in isolation and renders meaningless the mandatory notice requirement of § 535.081. *See Gash*, 245 S.W.3d at 232; *White*, 293 S.W.3d at 9. Specifically, to accept the interpretation that failure to comply with § 535.081 is inconsequential to a § 535.070 claim, would effectively transform mandatory notice into permissive notice and would allow purchasers to shirk their statutory notice obligation. Optional notice is not what the legislature intended by § 535.081's use of the terms "requires" and "shall" and this Court will avoid an interpretation that renders any portion of a statute meaningless. *See White*, 293 S.W.3d at 9. In addition, by reading § 535.090 in isolation to conclude that failure of notice under § 535.081 does not defeat a purchaser's claim for rent, the trial court ignored that § 535.090 incorporates § 535.081 through its reference to § 535.070, and when construed together harmoniously, § 535.081 maintains its mandatory effect.[8]

---

[8] Plaintiff also asserts that the legislature could not have intended Defendant to consume the property "rent free." Plaintiff does not rely on any supporting statutory language, but instead asserts that its interpretation "makes sense." However, it is the *language* the legislature uses that best reflects the legislature's intent—not the result that Plaintiff prefers—and it is our duty to apply that language as written. *See Anani*, 406 S.W.3d at 482.

10

Further, the trial court improperly relied on *Cooper v. Ratley*, 916 S.W.2d at 868, in concluding that, because "the covenant to pay rent runs with the land," Plaintiff's failure to comply with § 535.081 did not preclude its claim for rent under § 535.070. In *Cooper*, the purchasers of property subject to a lease "did not seek relief by means of remedies provided by Chapter 535." *Cooper*, 916 S.W.2d at 870. Instead, the purchasers pursued a common-law action for rent, which the Court explained is no different than "any other money demand arising out of contract." *Id*. (citation and quotations omitted). The Court held that, because the "covenant to pay rent runs with the land," the purchasers were entitled to unpaid rent from the tenants as an incident of the transfer of ownership. *Cooper*, 916 S.W.2d at 869-70.

*Cooper* is clearly distinguishable from the instant matter. *Cooper* was not a rent and possession case under Chapter 535. Rather, the claim at issue in *Cooper* was a common-law claim for rent based on the breach of the lease terms. Here, it is undisputed that Plaintiff's petition states a statutory claim under Chapter 535 and makes no common-law claim for rent like that raised in *Cooper*. Further, for reasons explained, the statutory claim for rent in this case unequivocally requires notice consistent with § 535.081. *Cooper* does not obviate this statutory requirement in the context of a claim for rent under § 535.070. In fact, when *Cooper* was decided, a purchaser could only recover possession, not rent, under § 535.070 and the legislature had not yet enacted § 535.081 by adding it to Chapter 535.[9] Consequently, *Cooper* is simply irrelevant to a claim for rent

---

[9] *See* 1997 Mo. H.B. 361 (repealing multiple sections related to landlord-tenant actions, adding "rent" to § 535.070, and enacting numerous new sections, including § 535.081).

11

under § 535.070 because it not address the applicability of § 535.081 and its related provisions.

## C. *Application*

In this matter, Defendant raised Plaintiff's failure to comply with § 535.081 as a defense at the trial de novo. During her trial testimony, Defendant stated that she never received "any notice" of the property's transfer of ownership. Plaintiff did not produce any contrary evidence that it provided Defendant with the required notice. In its judgment, the trial court specifically found that Plaintiff did *not* provide Defendant "adequate and timely notice" under § 535.081.

However, for the reasons explained, the trial court erroneously declared the law when it concluded that Plaintiff's failure to comply with the § 535.081 notice requirements did not preclude Plaintiff's claim for rent under § 535.070. Therefore, Defendant's point is granted.

## V. Conclusion

For the foregoing reasons, the trial court's judgment is reversed and this case is remanded to the trial court with directions to enter a judgment in favor of Defendant.

_____
Philip M. Hess, Judge

Lisa Van Amburg, P.J. and
Patricia L. Cohen., J. concur.

12